HENRY H. LYMAN, as State Commissioner of Excise of the State of New York, Respondent, *v.* EDWARD PERLMUTTER, Defendant, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

LIQUOR TAX LAW — RECOVERY OF ENTIRE PENALTY OF BOND.  Under the provisions of section 18 of the Liquor Tax Law (L. 1896, ch. 112, amd. L. 1897, ch. 312), the state commissioner of excise may maintain an action upon the bond required as a condition to the issuance of a liquor tax certificate, either for the recovery of the entire penalty for any breach of any condition of the bond or for the amount of any penalty or penalties incurred or imposed for a violation of the law.

*Lyman* v. *Perlmutter*, 49 App. Div. 630, affirmed.

(Argued March 8, 1901; decided April 16, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 21, 1900, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The action was upon a liquor tax bond given by the defendants to the treasurer of the county of Dutchess May 1, 1897, upon the application by the defendant Edward Perlmutter for a liquor tax certificate, which was then issued to him.

The bond is as follows:

" Know all Men by these Presents, that we, Edward Perlmutter, of Clinton Corners, in the Town of Clinton, County of Dutchess, State of New York, as principal, and the Fidelity and Deposit Company of Maryland, having a principal office for the State of New York at No. 35 Wall Street, in the City of New York, a corporation duly authorized to issue surety bonds by the Laws of the State of New York, as surety, are held and firmly bound unto the People of the State of New York in the Penal Sum of Five Hundred Dollars, for the payment of which sum well and truly to be made the said principal and surety bind ourselves, our heirs, executors,

administrators, successors and assigns, respectively, jointly and severally, firmly by these presents.

" Dated the first day of March, 1897.

" Whereas, The above bounden principal is about to apply for a Liquor Tax Certificate in the sum of One Hundred Dollars for Excise Tax on the business of trafficking in liquors near Upton Lake in the Town of Stanford, County of Dutchess, State of New York, under Subdivision 1 of Section 11 of the Liquor Tax Law of the State of New York.

" Now, the Condition of this Obligation is such, That if the said Tax Certificate applied for, as aforesaid, is given unto the said principal, and the said principal will not, while the business for which such Tax Certificate is given shall be carried on, suffer or permit any gambling to be done in the place designated by the Tax Certificate in which the traffic in liquors is to be carried on, or in any yard, booth or garden appertaining thereto or connected therewith, or suffer or permit said premises to become disorderly, and will not violate any of the provisions of the Liquor Tax Law, or any act amendatory thereof or supplementary thereto, then this obligation shall be void, otherwise it is to be and remain in full force and effect to cover every violation of the Liquor Tax Law and all fines and penalties incurred or imposed thereunder.   An action for the breach of any condition of this bond may be maintained without previous conviction or prosecution for violation of any provision of said Liquor Tax Law."

The referee found that Perlmutter violated a provision of the Liquor Tax Law on the second Sunday of August, 1897, by selling in the place specified in the bond and certificate liquor to be drunk upon the premises to three persons who did drink the same thereon, and this he characterized in his decision as at least one offense, and found as a matter of law that one offense entitled the plaintiff to a recovery of $500, the penalty of the bond.

*James Russell Soley* and *Frank H. Platt* for appellant. The excise bond is a bond given to secure collaterally the pay-

ment of fines and penalties and for no other purpose. The amount named in the bond is to be considered as a penal sum and not as liquidated damages. (*Tayloe* v. *Sandiford*, 7 Wheat. 13; *Davies* v. *Penton*, 6 B. & C. 216; *Bignall* v. *Gould*, 119 U. S. 498; 1 Sedg. on Dam. [8th ed.] 558.) Upon the question whether the sum named in a contract is a penalty or liquidated damages, the courts lean toward that construction which excludes the idea of liquidated damages, and permits the party to recover only the damage which he has actually sustained. (*Spencer* v. *Tilden*, 5 Cow. 151; *Gay Mfg. Co.* v. *Camp*, 13 C. C. A. 137; 1 Sedg. on Dam. 589; *Van Buren* v. *Diggs*, 11 How. 461; *Bignall* v. *Gould*, 119 U. S. 495; *Dyer* v. *Dorsey*, 1 G. & J. 440; *Stearns* v. *Barrett*, 1 Pick. 443; *Salters* v. *Ralph*, 15 Abb. Pr. 273; *Colwell* v. *Lawrence*, 36 How. Pr. 306; *Williams* v. *Vance*, 9 S. C. 344; *Smith* v. *Wainwright*, 24 Vt. 97.) The sum named in the bond, even though stated to be liquidated damages, will not in any case be so considered if the sum is unreasonable, or unjust and oppressive, or extravagant, or disproportionate to the actual damages. (*Ward* v. *H. R. B. Co.*, 125 N. Y. 230; *Curtis* v. *Van Bergh*, 161 N. Y. 47; *Colwell* v. *Lawrence*, 38 N. Y. 74; 1 Sedg. on Dam. [8th ed.] 583.) Where the stipulated sum is collateral to the object of the contract, being apparently inserted as security for performance, it cannot be allowed as liquidated damages. (Holt's N. P. Rep. 43; 1 Sedg. on Dam. [8th ed.] 588; *Astley* v. *Weldon*, 2 B. & P. 346; *Kemble* v. *Farren*, 6 Bing. 141.) The bond does not impose an independent forfeiture. (*U. S.* v. *Cutajar*, 59 Fed. Rep. 1000.) The provisions of the statute, taken as a whole, negative the theory that the bond imposes an independent forfeiture, and establish the conclusion that it is merely collateral. (L. 1897, ch. 312, §§ 34, 42.)

*P. W. Cullinan* for respondent. The penal provision of the liquor tax bond is punitive in character, and the bond being statutory in nature, the measure of damages for a breach thereof is the full penal sum. (*U. S.* v. *Chouteau*,

102 U. S. 603 ; *U. S.* v. *Reisinger,* 128 U. S. 398 ; *Hunting-ton* v. *Attrill,* 146 U. S. 657 ; *Peachy* v. *Somerset,* 1 Strange, 453 ; *Keating* v. *Sparrow,* 1 B. & B. 367 ; Pom. Eq. Juris. § 458 ; *Matter of Bran,* L. R. [18 Eq.] 410 ; *Todd* v. *Robinson,* L. R. [12 Q. B. D.] 530 ; *Bensen* v. *Gibson,* 3 Atk. 395 ; *Treasurer* v. *Patten,* 1 Root [Conn.], 260.) The full penal sum is the measure of damages in an action on a statutory bond for a breach thereof. (*Powell* v. *Redfield,* 4 Blatchf. 445 ; *U. S.* v. *Montell,* 4 Fed. Cas. 15 ; *U. S.* v. *Hatch,* 1 Paine, 336 ; *U. S.* v. *Valensona,* 67 Fed. Rep. 146 ; *Clark* v. *Barnard,* 108 U. S. 436.) The measure of damages in a liquor tax bond for a breach thereof is the full penalty of the bond and the bond is not to be treated as though collateral to the payment of the fines and penalties of the principal. (*Lyman* v. *Brucker,* 26 Misc. Rep. 594 ; 42 App. Div. 624 ; *Lyman* v. *R. T. Ins. Co.,* 37 App. Div. 236 ; *Lyman* v. *Gramercy Club,* 39 App. Div. 661 ; *Republic of Mexico* v. *Ockershausen,* 37 Hun, 533 ; *Willett* v. *La Salle,* 19 Abb. Pr. 292 ; *Harris* v. *Hardy,* 3 Hill, 393 ; *People ex rel.* v. *Eckman,* 63 Hun, 209 ; *State* v. *Hall,* 13 So. Rep. 39 ; *People* v. *Harrison,* 28 How. Pr. 247 ; *Lyman* v. *Shenandoah S. Club,* 39 App. Div. 459.)

LANDON, J. In cases between the government and a private party, in which the purpose of the bond is to secure an observance of the law in pursuance of which the bond is given, and punishment or satisfaction for its non-observance, then the penalty named in the bond is the measure of damages for its breach, unless the statute under which the bond is given or the bond itself, read in the light of the statute, indicates a less or different measure. In such cases in which the statute fixes the measure of damages the courts cannot relieve against it, unless authorized by statute to do so. The remission of the forfeiture of bail in criminal cases may be cited as one instance of the power to afford relief. (Code Criminal Procedure, sec. 597.) There may be other instances, but few and the exceptions seem to prove the rule. Where the breach

of the condition is an offense against public law or policy, pecuniary damages, if they follow, are usually a minor incident ; the affront is to the state and its sovereign will; but some sort of satisfaction should be exacted, and when the statute has fixed its measure in money, the courts must award it. (Story Eq. sec. 1326; 4 Am. & Eng. Ency. of Law [2d ed.], 700 ; *Clark* v. *Barnard*, 108 U. S. 436, and cases cited.)

The contention of the appellant is that the statute under which this bond is given fixes a penalty of $50 for the particular violation of the Liquor Tax Law, found by the trial court to be the offense of the principal in the bond, and, therefore, that that sum, and not $500, the penalty in the bond, is the measure of damages.

That the plaintiff might have sued upon the bond as collateral security for the statutory penalty for the single offense need not be questioned; the question is, does the statute give him the right to recover the entire penalty because of the single offense ?

When the bond was delivered section 18 of the Liquor Tax Law as amended by chapter 312 of the Laws of 1897 was in force. The bond in form substantially covers all its requirements, and must be construed as if it literally embraced them. Its condition read in the language of the section is, that the principal will not permit gambling upon the premises, or allow them to become disorderly, "and will not violate any of the provisions of the liquor tax law; and that all fines and penalties which shall accrue   *   *   *   and any judgment or judgments recovered therefor, will be paid.   *   *   *   The state commissioner of excise may at any time without previous prosecution or conviction for violation of any provision of the liquor tax law, or for the breach of any condition of said bond, commence and maintain an action, in his name, as such commissioner, in any court of record in any county of the state, for the recovery of the penalty for the breach of any condition of any bond, or for any penalty or penalties incurred or imposed for a violation of the liquor tax law."

Thus the state commissioner may maintain his action either

"for the recovery of the penalty for the breach of any condition of any bond, or for any penalty or penalties incurred or imposed for a violation of the liquor tax law." This action is under the first of these alternatives, namely, "for the recovery of the penalty for the breach of any condition of any bond," meaning, of course, the penalty of the breach of any condition of any bond.

The action is not to recover any fine imposed upon conviction, or penalty previously recovered in a civil action, and the bond is not limited to its collateral quality in either respect. It seems to be the intent of the section, as amended in 1897, to give to the bond a broader scope, namely, to subject the offender to the larger penalty in case the state commissioner of excise, the special administrator of the law, should think fit to bring the action for that purpose. It is common knowledge that the temptation to violate this and previous excise laws has developed a fertility and variety of abuses, evasions and violations that in default of rigorous treatment weaken the efficiency of the law, both as a revenue measure and as a regulator of the liquor traffic. Recourse to the penalty named in the bond, instead of the fine or penalty named in any section of the act for a specific violation, was no doubt thought to be necessary in order to secure observance of the provisions of the act. If the surety thereby suffers and the offender sometimes escapes, the public may benefit by inducing the surety to become more watchful of the character of the vendor for whose fidelity he engages, and thus violations will be lessened by making it more difficult for lawless men to obtain their bonds, and when they obtain them to make them more circumspect in regard to the obligations they have assumed. Such, we think, is one of the purposes of the section providing for this bond, and the recovery is within its letter and spirit.

The judgment should be affirmed, with costs.

O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur; PARKER, Ch. J., not sitting.

Judgment affirmed.