## UNITED STATES v. ENGELBERG et al.

(District Court, W. D. Pennsylvania. June 14, 1924.)

No. 2828.

1. **Intoxicating liquors** &#9881;=>88(1)—**Federal government can recover on bond executed on issuance of permit, without regard to damage actually sustained.**

United States can recover on bond conditioned on principal's compliance with the laws and regulations relating to sale of liquor executed on issuance of permit to principal by federal prohibition commissioner, without regard to damage actually sustained; the forfeiture in such case being imposed by statute.

2. **Bonds** &#9881;=>135—**Rule as to whether recovery is limited to damage actually sustained stated.**

Generally, where a bond is given as an indemnity between private persons, the sum fixed will usually be regarded as a penalty, which limits the amount of recovery for the damage actually sustained, unless the amount named is clearly intended as stipulated or liquidated damages; but such rule does not apply, where

penalty or forfeiture is imposed by statute upon the doing or omission of certain acts, nor where bonds are given to state.

**3. Intoxicating liquors ⑮82—Federal prohibition commissioner has no discretion to change condition of bond imposed by statute.**

The federal prohibition commissioner, though given discretion to fix form of bond to be executed on issuance of permit, has no discretion as to the condition of the bond; such condition being imposed by statute.

At Law. Action by the United States against Max Engelberg and the American Surety Company of New York. Question of law raised by last-named defendant found in favor of plaintiff, with leave to defendants to answer on merits.

A. W. Henderson, Sp. Asst. U. S. Atty., of Pittsburgh, Pa.

J. M. Magee and E. W. Arthur, both of Pittsburgh, Pa., for defendants.

THOMSON, District Judge. The United States has brought this action to recover from Max Engelberg, as principal, and the American Surety Company, as surety, the penal amount of two bonds in the sum of $10,000 and $15,000, respectively, alleging breach of the conditions of said bonds. Engelberg filed an affidavit of defense, raising questions of fact, among others, alleging the cancellation by the government of said bonds. The surety company denies liability, alleging as a legal proposition that, on breach of the conditions of the bonds, the United States cannot recover the entire penal sum, without reference to the damages sustained, but can only recover the amount of the pecuniary loss, and, as no pecuniary loss or damage is alleged to have been suffered by the United States by reason of the breaches of the conditions, plaintiff's action cannot be sustained. This legal question alone is for our determination at this time. The material facts of the case, which must be assumed to be true in passing upon the legal question thus raised, are as follows:

Engelberg was a liquor dealer of Erie, Pa. On or about January 12, 1920, he applied to the federal prohibition commissioner for a federal permit to sell intoxicating liquors for other than beverage purposes, under the provisions of the law. In order to obtain such permit, he executed and delivered to the proper federal officers a bond to the United States in the sum of $10,000, with the American Surety Company as surety. The bond was executed on what is known as form 738. The permit applied for was issued to Engelberg on January 24, 1920, and the bond remained in force until

2 F.(2d)—46

canceled, as to future liability, on March 6, 1920. The condition of this bond was as follows:

"Now, therefore, the condition of this obligation is such that if the said principal shall fully and faithfully comply with all the requirements of the laws of the United States now or hereafter enacted, and regulations issued pursuant thereto, respecting the sale or use of distilled spirits and wines for other than beverage purposes, then this obligation to be void; otherwise, to remain in full force and virtue."

On February 26, 1920, shortly after the issuance of the permit, a larger bond was executed and delivered by the permittee, apparently for the purpose of authorizing increased withdrawals of liquor under the permit. This bond was in the sum of $15,000, and was executed on what is known as form 1408. The American Surety Company was also the surety on this bond. The condition of this bond was as follows:

"Now, therefore, the condition of this obligation is such that, if there be no material false statements in the application for such permit, and the said principal shall not violate the terms of such permit issued to him by the Commissioner of Internal Revenue, or any person authorized by him to issue permits on such application, or shall not violate any of the provisions of the National Prohibition Act and regulations promulgated thereunder as now or hereafter provided, and all other laws of the United States now or hereafter enacted respecting distilled spirits, fermented liquors, wines, or other intoxicating liquors, and will pay all taxes, assessments, fines, and penalties incurred or imposed upon him by law, then this obligation to be void; otherwise, to remain in full force and effect."

It is averred that between the 24th day of January, 1920, and the 17th of August, 1921, the defendant Engelberg wholly failed to comply with the requirements of the laws of the United States and regulations issued pursuant thereto, respecting the sale of distilled spirits for other than beverage purposes, and violated the requirements of the laws and regulations, in that he failed and neglected to keep records of the purchase, receipt, and sale of distilled spirits as required by the laws and regulations, and that he had and possessed whisky on his premises of which no record appears upon the books required to be kept, and that he unlawfully sold whisky for beverage purposes on March 5, 1920, and on March 9, 1920, and unlawfully transported whisky on the last-named date, and did not in good

faith conform with and otherwise violated the laws of the United States and the regulations pursuant thereto, respecting the sale of distilled spirits for other than beverage purposes; that on the 17th of August, 1921, because of such violations the said permit which had been granted to the said Engelberg was canceled upon due and proper notice, and that notice of such cancellation was given to the said defendant; that by reason of these facts the defendant made and suffered a breach of the conditions in each of the bonds, and that thereupon the full amounts became forfeited to the United States, to recover the amounts of which the action has been brought.

[1, 2] Assuming the truth of these averments, must the United States aver the specific damage suffered, and is its recovery limited to such loss? Or, on the other hand, is the sum named in the bond a penalty or forfeiture, inflicted by the government for a breach of its laws? It seems to me that this question is definitely answered, the answer being based on the soundest reasoning, by the text-book writers and the decisions of the Supreme Court. It may be stated as a general rule that, where a bond is given as an indemnity between private persons, the sum fixed will usually be regarded as a penalty, which limits the amount of recovery for the damage actually sustained. But this is by no means a universal rule. It is sometimes evident that the amount named is clearly intended as stipulated or liquidated damages, in which case the intention thus manifested will be given effect. In some cases such intention is expressed in the obligation itself, and in others the intention is manifest or will be presumed because of the difficulty or impossibility of measuring the damages sustained. But this rule does not apply where a penalty or forfeiture is imposed by statute, upon the doing or omission of certain acts, nor to those cases where bonds are given to the state. In Clark v. Barnard, 108 U. S. 436, 2 S. Ct. 878, 27 L. Ed. 780, Justice Matthews discusses the question on principle and with great clearness, and reviews the authorities, reaching a decisive conclusion on the question. In that case the state of Rhode Island authorized by an act of the Legislature a railroad company to extend within the limits of the state a certain road which it had acquired. The act of assembly contained these words:

"This act shall not go into effect unless the * * * company shall, within ninety days from the rising of this General Assembly, deposit in the office of the general treasurer their bond, with sureties satisfactory to the Governor of this state, in the sum of $100,000, that they will complete their said road before the first day of January, 1872." Loc. & Priv. Acts R. I. 1869, p. 193, § 12.

The bond containing that condition was given, the road was not completed, and an action was brought and recovery had for the penal sum named in the bond. Justice Matthews cites the case of United States v. Montell, 26 Fed. Cas. 1293, No. 15,798, wherein it was held, Chief Justice Taney writing the opinion, that a sum secured by bond under an act of Congress, conditioned that the registry of a vessel should be used solely for the vessel for which it was granted, and should not be disposed of to any person whatsoever, and if the vessel was lost or prevented from returning to port, or the vessel be sold, that the registry shall be delivered up to the collector, was a penalty or forfeiture inflicted by the sovereign power for a breach of its laws, not a liquidated amount of damages due under a contract, but a fixed and certain punishment for the offense, and not the less so because security was taken before the offense was committed. Justice Matthews held that the bond in question required the railroad company to obey the law and complete their road as the law required; that the language meant that in case of failure they should forfeit and pay the sum named; that, if it did not mean that, it did not mean anything, and the court was not at liberty to adopt such a meaning; that no rule of construction would be adopted which defeated the very object of the law; that the state was dealing with one of its own corporations, and had a right to act upon its own policy and prescribe its own terms as conditions of powers and privileges sought from its authority. A decree was accordingly entered for the sum of $100,000, the penal amount of the bond, although there was neither averment nor proof that the state or its citizens had suffered any actual loss.

In Illinois Surety Co. v. United States, 229 F. 527, 143 C. C. A. 595, the Circuit Court of Appeals of the Second Circuit said:

"The general rule is that in case of a penalty the measure of damages is the actual loss which has been sustained as a result of the breach where this can be ascertained. But in the case of liquidated damages there can be a recovery of the whole amount where such a recovery is consistent with the policy of the law. And generally the courts construe the sum mentioned in a bond as a penalty, considering it merely as a security for the damage actually sustained by the

breach of the condition and they limit the recovery to an amount compensatory therefor. But while the above doctrine is that which courts usually enforce they do not apply it in all cases. And they do not apply it in the case of bonds running to the government."

In that case the bond involved contained different conditions, and the court held that, if it had been given to an individual instead of to the government, it might be important that it contained no less than 16 conditions of varying importance, as courts have held that where an agreement contains several distinct and independent covenants, upon which there may be several breaches, and one sum is stated to be paid upon the breach of performance, that sum is to be regarded as a penalty, and not liquidated damages. But in the case at bar, as the bond was given to the government, it would not be in the least material whether the bond contained 16 conditions or only one. The same rule has been laid down in Lyman v. Perlmutter, 166 N. Y. 410, 60 N. E. 21. In this case, it was held that in cases between the government and a private party, in which the purpose of the bond is to secure an observance of law, in pursuance of which the bond is given, the penalty named in the bond is the measure of damages for its breach, unless the statute under which the bond is given, or the bond itself, indicates a less or different measure; that the affront is to the state and its sovereign will, and that when the statute has fixed its measure in money the court must award it.

It is true there is some conflict in the decisions, the defendant relying mainly on State v. Estabrook, 29 Kan. 739, State v. Larson, 83 Minn. 124, 86 N. W. 3, 54 L. R. A. 487, and United States v. Wandmaker, 292 F. 24, the last case being a decision by the Circuit Court of Appeals of the Eighth Circuit. The decisions in these cases may or may not be justified by the facts upon which they are based. I will not attempt such reconciliation.

I think the general rule above stated is in harmony with the great weight of authority. In most if not in every case, where the bond is given to the state, or to the government, to compel obedience of its law, no definite loss could be truly averred or definitely proved. To treat the sum named otherwise than as a penalty or forfeiture inflicted by the sovereign power for the breach of its laws, as a sum fixed as a certain punishment for the offense, would be to render worse than worthless the obligation so taken.

[3] The cases have held that the penalty will be imposed where a bond has been taken, where the statute did not authorize or require it, provided it was consistent with the provisions of law. In the case before us the bond is clearly authorized by the statute. While the act gave to the commissioner the right to fix the form of the bond, and perhaps the form of its obligations and conditions, it is clear that it imposes upon him the duty to condition the bond "to insure compliance with the terms of the permit and the provisions of this title." No option is left, no discretion in any one, as to what the condition of the bond shall in substance be. The discretion allowed is as to the form.

When the case is tried on its merits, only one of the bonds, or perhaps neither of them, under the averments of the principal's affidavit of defense, may be held to be valid and enforceable. But, assuming the averments of the statement of claim to be true, the legal question raised by the surety on the bonds must be held against it. The question of law raised by the American Surety Company is found in favor of the United States, and the surety company is given 15 days in which to answer on the merits.