Chief Judge Breitel.
In this action to recover on a surety bond given, to secure timely completion of some six buildings, the City of Bye, as obligee under the bond, seeks to recover the face amount of $100,000. The surety and the developers are defendants. Special Term denied the city’s motion for summary judgment, and a divided Appellate Division affirmed the denial. In his concurring opinion at the Appellate Division, *472 Mr. Justice Shapiro reasoned that the bond was penal in nature and therefore not enforceable. The dissenters, in an opinion by Mr. Justice Hopkins, would have sustained the city’s contention that, as a governmental entity pursuing its governmental responsibilities, it had the power, without violating any public policy, to exact a substantial bond to secure performance of obligations imposed on a developer by the zoning ordinance and action taken under it.
The order of the Appellate Division denying plaintiff city’s motion for summary judgment should be affirmed. The bond of $100,000 posted by the developers with the city to ensure completion of the remaining six “ peripheral ” buildings by a date certain did not reflect a reasonable estimate of probable monetary harm or damages to the city, but a penalty, and, in the absence of statutory authority for the penal bond, may not be recovered upon.
The developers, under a plan approved by the City Planning Commission, had constructed six luxury co-operative apartment buildings and were to construct six more. In order to obtain certificates of occupancy for the six completed buildings the developers were required to post a bond with the city to ensure completion of the remaining six buildings. By letter agreement with the city in the fall of 1967, they agreed to post a $100,000 bond and to pay $200 per day for each day after April 1, 1971 that the six remaining buildings were not completed, up to the aggregate amount of the bond. More than 500 days have passed without the additional buildings having been completed within the time limit. The city seeks to recover the entire $100,000 amount of the bond.
Concededly, no statute authorizes the city to exact a penalty or forfeiture from the developers. If there were such a statute, the statutory penalty would undoubtedly be upheld (see, e.g., Lyman v. Perlmutter, 166 N. Y. 410, 413-415; Clark v. Barnard, 108 U. S. 436, 461; see, also, United States v. Zerbey, 271 U. S. 332, 340, and cases cited). Hence, general principles of contract law governing the enforceability of liquidated damage clauses should apply (cf. Priebe & Sons v. United States, 332 U. S. 407, 411; see 5 Williston, Contracts [3d ed.], § 775B, at p. 664). The sole issue, then, becomes whether the agreement exacted from the developers and the conditional bond supplied provide for a *473 penalty or for liquidated damages. If the agreement provides for a penalty or forfeiture without statutory authority, it is unenforceable. Where, however, damages flowing from a breach are difficult to ascertain, a provision fixing the damages in advance will be upheld if the amount is a reasonable measure of the anticipated probable harm (Ward v. Hudson Riv. Bldg. Co., 125 N. Y. 230, 235; Restatement, Contracts, § 339; 5 Corbin, Contracts, §§ 1059, 1063). If, on the other hand, the amount fixed is grossly disproportionate to the anticipated probable harm or if there were no anticipatable harm, the provision will not be enforced.
The harm which the city contends it would suffer by delay in construction is minimal, speculative, or simply not cognizable. The city urges that its inspectors and employees will be required to devote more time to the project than anticipated because it has taken extra years to complete. It also urges that it will lose tax revenues for the years the buildings are not completed. It contends, too, that it is harmed by a continuing violation of the height restrictions of its zoning ordinance. This is entailed because the 12 buildings in the entire complex vary in height between two and four stories; the ordinance sets a maximum average height of 30 feet for the complex; and the taller buildings, those higher than the allowable average, were built first. Only after all of the structures in the complex are built will the project comply with the average height requirement of the ordinance.
The most serious disappointments in expectation suffered by the city are not pecuniary in nature and therefore not measurable in monetary damages. The effect on increased inspectorial services or on tax revenue are not likely to be substantial and, in any event, are not developed in the record on summary judgment. There is nothing to show that either the sum of $200 per day or the aggregate amount of the bond bear any reasonable relationship to the pecuniary harm likely to be suffered or in fact suffered.
There is, as noted, no statutory authority for the city to exact harsh penal bonds from developers who are perforce dependent on approvals by local officials at the various stages of construction, and after construction for certificates of occupancy. For *474 municipalities, without statutory authorization or restriction, to condition perhaps arbitrarily the grant of building permits or certificates of occupancy on large penalty bonds raises potential for grave abuse. A developer, especially an outside developer, is rarely in a position to bargain on an equal basis with local officials, after completion of buildings rendered useless and an economic drain without a certificate of occupancy. Whether, and under what circumstances, the drastic remedy of penal bonds may be exacted is a matter best left to legislated authority, standards, and limitations.
There is no suggestion in this case that the developers’ delay was purposeful. Apparently, the mortgage market “ dried up ” and the developers could not obtain additional financing for the remaining six buildings in the time planned. (The court is informed by the developers in their brief that, while this litigation has been pending, the remaining six buildings have almost been completed.)
Developers ask not only that the denial of summary judgment to the city be affirmed, but that summary judgment be granted to defendants dismissing the city’s complaint. Since the city by this action sought, not actual damages, but only to recover the face amount of the bond, for the reasons discussed above, defendants perhaps might have been entitled to judgment dismissing the complaint. In denying the city’s motion for summary judgment, the motion court and perhaps the Appellate Division, could have, but did not, grant summary judgment for defendants (see CPLR 3212, subd. [b]). Defendants, however, took no appeal from that determination. This court has no power to grant defendants, respondents on this appeal, affirmative relief (People v. Consolidated Edison Co. of N. Y., 34 N Y 2d 646,648).
Accordingly, the order of the Appellate Division should be affirmed, without costs, and the question certified by that court answered in the affirmative.
Judges Jasen, Gabrielli, Jones, Wachtler and Stevens concur ; Judge Rabin taking no part.
Order affirmed, etc.