■ M. VIAGGIO & SONS, INC., Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for breach of contract, defendant City of New York appeals from a judgment of the Supreme Court, Queens County (Cooperman, J.), entered August 2, 1983, which, after a hearing, and upon finding the liquidated damages clause of the contract (article 59A) to be void and unenforceable, awarded plaintiff the principal sum of $37,737.

Judgment reversed, on the law and the facts, without costs or disbursements, article 59A of the contract is reinstated and found valid, plaintiff is awarded the sum of $13,526.79, plus interest, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate judgment.

It has long been recognized that parties to a contract may agree among themselves as to the damages which would be suffered upon a breach of the contract. Such a stipulation will normally be enforced provided that it is not unconscionable nor contrary to public policy *(see, Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420). The general rule is that liquidated damages provide compensation for loss. There must be some reasonable relation between the stipulated amount and the anticipated injury. If the stipulated amount is plainly disproportionate to the injury, the provision will not be enforced. On this point we note, parenthetically, that although plaintiff challenges the liquidated damages clause as constituting an unenforceable penalty, this label is theoretically inap-

propriate as applied to the facts at bar. A contractual provision fixing damages, in the event of a breach, will be declared void as a penalty, when the amount stated is unreasonably large (see, Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516). Plaintiff, however, is not attacking the liquidated damages provision on the ground that it requires payment of an excessive sum and thereby constitutes a penalty. Rather, the argument is that the clause inadequately reflects the amount of losses plaintiff actually sustained. Thus, the true nature of the claim is that the clause should be stricken on the ground of unconscionability.

Regardless of the parties' characterization of the clause, we find that Special Term erroneously ruled the provision void and unenforceable, having improperly found that the damages were not difficult to ascertain at the outset, and that the stipulated amount was grossly disproportionate to the actual damages. Special Term itself acknowledged that the defendant City of New York's prebid estimate of the cost to perform the work exceeded those calculations done by plaintiff. And the president of plaintiff corporation testified that his own prebid estimate was inaccurate, because it failed to provide for the competitive effect of the additional solicitation of subcontractors subsequent to being awarded the contract. Prebid estimates have been found unreliable in the past, and claims of damage based upon such precontract estimates are impermissible (see, Manshul Constr. Corp. v Dormitory Auth., 79 AD2d 383).

Neither were the stipulated damages grossly disproportionate to the actual damages. Plaintiff's brief on this appeal inaccurately assesses the measure of damages to which plaintiff would be entitled under the liquidated damages clause. Under the clause, plaintiff is entitled to its direct cost ($7,681) plus 5% of its direct cost ($384.05) plus 5% of the difference between the lump-sum contract price and the total of all payments made prior to the notice of termination, plus all payments allowed pursuant to the above two clauses (costs plus 5% of costs [$5,461.74]). That makes the total of damages to which plaintiff is entitled under the contract provision $13,526.79. Both plaintiff and Special Term erroneously omitted the third factor in their damage calculations and thus the liquidated amount appeared to be less than the actual contract costs.

Special Term made the finding, amply supported by the record and adopted by plaintiff as its position on appeal, that the general industry standard permitted a 10% factor for

overhead and a 10% factor for profit. Thus plaintiff argued that its actual costs amounted to its direct costs plus 20%. Utilizing all three damage awards available under the contractual provision, it appears that plaintiff would actually receive in excess of its direct costs. Under the circumstances, there is no basis for invalidating the provision.

Neither do we view this clause as creating an illusory contract. Quite to the contrary, both parties were bound by the contract, and the city is responsible for its breach (see, Dorman v Cohen, 66 AD2d 411). The president of plaintiff corporation is an experienced contractor who entered into an arm's length transaction with full knowledge of the contents of the contract. We note that he testified that he previously was involved with at least 150 other contracts with the City of New York, and he was permitted to testify at the hearing as an expert witness. We see no basis for not enforcing the contractual provision. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.