In the Matter of ANN-PAR SANITATION, INC., Appellant, v TOWN OF BROOKHAVEN, Respondent. [804 NYS2d 758]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Brookhaven dated February 1, 2000, terminating its contracts with the petitioner and imposing penalties upon the petitioner for alleged violations of the contracts, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Berler, J.), entered June 11, 2003, as, upon a decision of the same court dated March 11, 2003, granted the motion of the Town of Brookhaven for summary judgment dismissing the amended petition and on its counterclaim, and is favor of the Town of Brookhaven and against it in the principal sum of $243,683.48.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss so much of the amended petition as sought to annul so much of the determination as imposed penalties upon the petitioner for alleged violations of the contracts, and substituting therefor a provision denying that branch of the motion and granting that branch of the amended petition to the extent of annulling so much of the determination as imposed penalties upon the petitioner for alleged violations of the contracts; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment in accordance herewith.

The respondent, the Town of Brookhaven (hereinafter Brookhaven), and the petitioner, Ann-Par Sanitation, Inc. (hereinafter Ann-Par), entered into three contracts pursuant to which Ann-Par would collect solid waste and recyclables from certain residential areas of Brookhaven. Because the material collected was to be disposed of at Brookhaven's disposal facility at no charge, the contracts required Ann-Par to dedicate a certain number of vehicles solely to the performance of the contracts and prohibited Ann-Par from using those vehicles to collect any other waste. In a section titled "Penalties," the contracts further provided that the use of a dedicated vehicle to collect non-contract waste would result in the assessment of a penalty in the amount of $15,000 for the first offense and $25,000 for a second or subsequent offense. On three separate occasions, Ann-Par employees were observed using a dedicated truck to collect non-contract commercial refuse. When Brookhaven notified Ann-Par that, pursuant to the penalties provision, it intended to withhold a total of $65,000 from the payments otherwise due

pursuant to the contracts, Ann-Par ceased performing, and Brookhaven terminated the contracts. Ann-Par commenced this proceeding to review both the termination of the contracts and the imposition of the penalties. Brookhaven counterclaimed to recover damages it incurred as a result of Ann-Par's failure to provide collection services after the penalties were imposed.

Ann-Par does not dispute that it used dedicated vehicles for the collection of non-contract waste or that it failed to perform pursuant to the contracts after Brookhaven's imposition of the penalties. Thus, the Supreme Court correctly upheld Brookhaven's termination of the contracts. Ann-Par did not challenge Brookhaven's assertion that it had incurred or would incur costs through December 31, 2003, in the amount of $221,175.68 in excess of the contract price to obtain substitute performance of its contractual collection obligations. The Supreme Court therefore properly awarded judgment to Brookhaven on its counterclaim. The Supreme Court erred, however, in denying that branch of the petition which was to annul so much of the determination as imposed contract penalties.

While the parties to a contract may agree as to the damages in the event of a breach (*see Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 424 [1977]), the imposition of penalties or forfeitures for a breach of contract is not permitted in the absence of statutory authority (*see City of Rye v Public Serv. Mut. Ins. Co.,* 34 NY2d 470, 472-473 [1974]). Apparently recognizing that there is no applicable statutory authority authorizing such penalties, Brookhaven argues that despite the terminology used in the contracts, the penalties it imposed on Ann-Par are, in reality, permissible liquidated damages. "The general rule is that liquidated damages provide compensation for loss. There must be some reasonable relation between the stipulated amount and the anticipated injury. If the stipulated amount is plainly disproportionate to the injury, the provision will not be enforced" (*M. Viaggio & Sons v City of New York,* 114 AD2d 939 [1985]). In cases involving contracts to which a governmental entity is a party, "inconvenience and injury suffered by the public" may be regarded as actual damages compensable pursuant to a liquidated damages provision (*Melwood Constr. Corp. v State of New York,* 126 Misc 2d 156, 157 [1984], *affd* 119 AD2d 734 [1986]). However, the requirement that there be a reasonable relationship between the liquidated damages and the anticipated probable harm caused by a breach is nonetheless fully applicable to such contracts (*see Weinstein & Sons v City of New York,* 264 App Div 398 [1942], *affd* 289 NY 741 [1942]; *Melwood Constr. Corp. v State of New York, supra* at 157-158).

While there is no dispute as to the difficulty of ascertaining the damages flowing from Ann-Par's breach of the contract provision in question, Brookhaven failed to sufficiently establish the relationship between the injury it sustained and the "liquidated damages" it assessed. Even assuming, as Brookhaven argues, that some non-economic injury was incurred as a result of the breach, the $15,000 charge for a first "offense" and the $25,000 charge for each subsequent "offense" is grossly disproportionate to the $800 tipping fee that Brookhaven would be entitled to collect by accepting an entire truckload of non-contract waste. Had the damage amount been more reasonable in light of the actual economic damage sustained or had Brookhaven established a reasonable relationship between the amount of damages and the economic and non-economic injuries sustained by it and its residents as a result of the breach, the Supreme Court would have been correct in sustaining the penalties. Since Brookhaven failed to establish such a relationship, the purported liquidated damages provision of the contracts is unenforceable and that branch of the amended petition which was to annul so much of the determination as imposed penalties pursuant to the applicable provision of the contracts should have been granted.

Ann-Par's remaining contentions are without merit. Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.