OPINION OF THE COURT
Memorandum.
Ordered that the judgment, insofar as appealed from, is modified by vacating the award of $3,000 in favor of plaintiff as against defendant Nancy Solomon and the matter is remitted to the District Court for a new trial limited to the issue of damages on plaintiffs cause of action as against defendant Nancy Solomon; as so modified, the judgment, insofar as appealed from, is affirmed, without costs.
In this commercial claims action, plaintiff seeks to recover for breach of contract. Nancy Solomon (defendant) counterclaims for the return of a down payment. On October 21, 2010, defendant contracted with plaintiff to photograph the wedding of her daughter, Liza Solomon, on May 22, 2011 for a price of $4,895. Defendant gave plaintiff an initial $1,000 deposit, and the contract provided a schedule for future payments. Insofar as is relevant to this appeal, paragraph 7 of the contract provided:
“PHOTOGRAPHER: Should the customer request a specific photographer, the studio will exercise their best efforts by reserving the services of said identified photographer. However, in the event such BRETT MATHEWS photographer becomes unable to perform the services contracted, notification to the customer shall be made as soon as practically possible. The customer agrees to accept a different BRETT MATHEWS photographer in his or her place.”
Paragraph 3 of the contract provided:
“REFUND & PAYMENTS: Due to the nature of *58 this business requiring advance booking, no refunds will be given for cancellations less than twelve (12) months prior to the date of photography, includes postponements. If this contract is cancelled within six (6) months of performance of the job or even [sic], for any reason by you, with or without your control, the entire balance remaining on the contract shall become immediately due and payable by you. The notification of cancellation shall be made in writing by certified mail with return receipt.”
At the top of the contract, plaintiffs salesman wrote, by hand, “Stephen to do photography.” Stephen was a photographer who worked for plaintiff as an independent contractor.
In or about April 2011, plaintiff notified defendant that it had fired Stephen. On May 5, 2011, defendant went to plaintiffs office and looked over potential replacement photographers. The first photographer offered by plaintiff was rejected by defendant. According to plaintiffs witness, defendant said that she approved of the second photographer plaintiff offered her and she gave plaintiff a check in the sum of $3,445, representing the second deposit, which, pursuant to the contract, was due on April 22, 2011. Payment on this check was, however, stopped on May 10, 2011. Subsequently, Liza Solomon informed plaintiff that its services would no longer be used. Plaintiffs witness disputed defendant’s claim that, after defendant had spoken to plaintiff’s representatives about the new photographers, she had made very clear that there was no firm decision in place until her daughter approved.
After a nonjury trial, a judgment was entered which, insofar as appealed from, awarded plaintiff the principal sum of $3,000 as against defendant and dismissed defendant’s counterclaim.
In our view, the proof at trial, including the fact that defendant had tendered a check to plaintiff in the sum of $3,445 at the May 5, 2011 meeting, supports the implicit finding by the trier of fact that, at that meeting, defendant accepted a new photographer. As defendant agreed to modify the terms of the contract, she was not entitled thereafter to cancel the contract. Consequently, the court’s finding of liability as against defendant with respect to plaintiffs cause of action and the court’s dismissal of defendant’s counterclaim should not be disturbed.
Defendant next contends that, even if there was no breach by plaintiff, the monetary award in favor of plaintiff as against defendant cannot be sustained. The contract had a liquidated *59 damages clause which provided for the recovery of the full outstanding balance due under the contract if defendant cancelled within six months of the event. A liquidated damages provision is an estimate, made by the parties at the time they enter into their agreement, of the extent of the injury that would be sustained as a result of breach of the agreement (Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420 [1977]). A contractual provision fixing damages in the event of a breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation (City of Rye v Public Serv. Mut. Ins. Co., 34 NY2d 470, 473 [1974]; Wirth & Hamid Fair Booking Inc. v Wirth, 265 NY 214, 223 [1934]; Curtis v Van Bergh, 161 NY 47 [1899]; Ward v Hudson Riv. Bldg. Co., 125 NY 230 [1891]). Clearly, in the case at bar, the contract provision requiring full payment of the contract bears no reasonable proportion to the probable loss, as plaintiffs actual damages, i.e., its lost profits, would be the contract price minus plaintiffs expenses, such as paying for the services of a primary photographer, a photojournalist and an assistant, as well as the cost of providing the album and all the photographs called for under the contract. Therefore, the liquidated damages clause set forth in the contract is unenforceable as a penalty. “If the clause is rejected as being a penalty, the recovery is limited to actual damages proven” (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005], citing Brecher v Laikin, 430 F Supp 103, 106 [1977]). In this case, there was no showing what the actual damages would have been. Consequently, substantial justice between the parties (UDCA 1804, 1807) requires that a new trial be held to determine the actual damages that plaintiff suffered and should recover, if any, as a result of the breach.
Nicolai, EJ., LaSalle and Maraño, JJ., concur.