■ ETHEL M. KROM, as Administratrix of the Estate of LEON KROM, Deceased, Appellant, v. SHARP & DOHME, Incorporated, Respondent. — This is an appeal from an order dismissing the first cause of action contained in plaintiff-appellant's amended complaint and striking out certain allegations contained in the second cause of action which repeat and reallege portions of the first cause of action. The first cause of action, which is the subject of this appeal, was based upon an alleged breach of warranty in the sale of blood plasma, while the second cause of action is based upon alleged negligence. The facts which are not in dispute can be briefly stated as follows: Plaintiff's intestate, Leon Krom, was seriously injured in an automobile accident on March 9, 1951, and was taken in an unconscious condition to the Greene County Memorial Hospital at Catskill, New York, where he was treated by a physician who prescribed the injection and infusion of blood plasma which was done by employees of the hospital, and blood plasma manufactured or processed by defendant-respondent was used. During all of this treatment, plaintiff's intestate allegedly remained unconscious. The blood plasma used allegedly contained jaundice viruses and other injurious substances, as a result of which plaintiff's intestate Krom became afflicted with homologous serum hepatitis or homologous serum jaundice, which allegedly resulted in his death on June 13, 1951. Plaintiff-appellant with the permission of the court served an amended complaint which contained a cause of action similar to the original except that among others, the amended complaint contained a new paragraph VIII, as follows: "Upon information and belief that said hospital in making such purchase or purchases from the defendant did so as the agent for any patients that might enter said hospital for treatment and care and might require the injection or infusion of blood plasma." While the hospital involved is not a party to this action, what the court has said in one of those cases is helpful here. In *Perlmutter* v. *Beth David Hosp.* (308 N. Y. 100) the court said at page 106: "The supplying of blood by the hospital was entirely subordinate to its paramount function of furnishing trained personnel and specialized facilities in an endeavor to restore plaintiff's health. It was not for blood — or iodine or bandages — for which plaintiff bargained, but the wherewithal of the hospital staff and the availability of hospital facilities to provide whatever medical treatment was considered advisable. The conclusion is evident that the furnishing of blood was only an incidental and very secondary adjunct to the services performed by the hospital and, therefore, was not within the provisions of the Sales Act." And again at page 107: "The sufficiency of the complaint cannot be made to turn on the presence of any particular word or words. It is the totality of the facts themselves which must be examined to determine the complaint's validity, not plaintiff's characterization of them or the conclusion which she seeks to draw from them." It does not follow from the *Perlmutter* decision that the transaction which the court refused to recognize as a "sale" renders it an "agent" as to its patients. None of the ordinary elements of agency are present here. The patient, who allegedly would be the principal, had no right of control as to the result or the means to be used. (*Currie* v. *International Mag. Co.*, 256 N Y. 106; *Delisa* v. *Arthur F. Schmidt, Inc.*, 285 N. Y. 314.) In finding the cause of action for breach of warranty does not exist between the parties hereto, we do not pass upon the question of liability, if any, of the defendant for negligence. Order of the Special Term unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.