■ JOSEPH MENDELOW, Appellant, v. IRVING SLABODKIN et al., Respondents — Judgment unanimously reversed, on the law and facts insofar as it dismisses plaintiff's second cause of action against defendant, Irving Slabodkin, and a new trial granted as to that cause of action against him with costs to abide the event and in all other respects judgment affirmed. Memorandum: In August, 1969, at the behest of defendant Slabodkin, plaintiff Mendelow and defendant Pedersen invested in the purchase and operation of the Bali Hai restaurant. There was testimony on plaintiff's behalf that Slabodkin said he was going to contribute $35,000 toward the capitalization and that Pedersen and Mendelow were each to contribute $10,000. After expenses of purchasing equipment, over $40,000 was to remain as working capital. Slabodkin never made the $35,000 contribution to the corporation and in June, 1970 the restaurant closed, a business failure. Plaintiff's cause of action, based upon fraudulent representations by Slabodkin, was dismissed at the close of the evidence because of insufficiency. Where a trial court dismisses a complaint at the close of the case, plaintiff is entitled to have the proof read in the light most favorable to him and to have the benefit of all inferences which can be reasonably drawn from the proof (*Patterson v. Proctor Paint & Varnish* Co., 21 N Y 2d 447; *Calvaruso v. Our Lady of Peace R. C. Church*, 36 A D 2d 755, mod. on other grounds 36 A D 2d 865). Unless there is no rational process by which the jury could find for the plaintiff, the motion for dismissal of the complaint should be denied (*Blum v. Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245; *Wessel v. Krop*, 30 A D 2d 764). The elements of a cause of action for fraudulent misrepresentation, "representation of a material existing fact, falsity, *scienter*, deception and injury" (*Channel Master Corp. v. Aluminum Ltd. Sales*, 4 N Y 2d 403, 407), are all present if the jury believed plaintiff's proof that Slabodkin said he was going to invest $35,000 and that plaintiff relied upon this fact in determining to make his investment and loans. Although Slabodkin was to make his contribution at a future time, viewing the proof in the most favorable light for plaintiff, this is not a case of "prophecy and prediction of something which it is merely hoped or expected will occur in the future" but rather a case where defendant is claimed to have made a statement that he would perform some act which he did not intend to perform (*Channel Master Corp. v. Aluminum Ltd. Sales*, 4 N Y 2d 403, 408, *supra*). We have reviewed plaintiff's contentions regarding the dismissal of its other causes of action against all three defendants and find them without merit. (Appeal from judgment of Erie Trial Term in action on joint venture agreement.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.