■ MARGARET D. HAZEL, as Conservator for EDNA W. GIELOW, Appellant, v ISABELLA J. SACCO, Individually and as Trustee for and Natural

Guardian of LEISA M. SACCO and Another, et al., Respondents.—Judgment unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: The evidence at trial disclosed that Edna Gielow is a frail, elderly confused lady suffering from chronic brain syndrome requiring constant care and supervision. From May 6, 1972 to October 3, 1973 defendant Isabella Joan Sacco, an employee of defendant Homemakers of Western New York, Inc. (Homemakers) served as nurse's aide and companion to Miss Gielow. Plaintiff Margaret Hazel, a court-appointed conservator for Miss Gielow, seeks the return of money allegedly given to Mrs. Sacco by Miss Gielow, claiming that Mrs. Sacco fraudulently and with undue influence induced Edna Gielow to give her the money and that Mrs. Sacco thereafter intentionally and illegally converted said funds to her own use. Plaintiff also alleges two causes of action against Homemakers contending that Homemakers was negligent in the selection of defendant Sacco and breached the contract in which it impliedly warranted the integrity of its employees and/or agents. At the close of plaintiff's case, the Trial Judge granted defendants' motion for dismissal of the complaint. We recently stated in *Mendelow v Slabodkin* (47 AD2d 712) that "Where a trial court dismisses a complaint at the close of the case, plaintiff is entitled to have the proof read in the light most favorable to him and to have the benefit of all inferences which can be reasonably drawn from the proof *(Patterson v. Proctor Paint & Varnish Co.,* 21 N Y 2d 447; *Calvaruso v. Our Lady of Peace R. C. Church,* 36 A D 2d 755, mod. on other grounds 36 A D 2d 865). Unless there is no rational process by which the jury could find for the plaintiff, the motion for dismissal of the complaint should be denied *(Blum v. Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245; *Wessel v. Krop,* 30 A D 2d 764)." Further, it is well settled that "Where a confidential relationship exists between parties a valid gift must be established by evidence that is clear and satisfactory. Where parties do not deal on terms of equality it requires but slight evidence to shift to the donee the burden of proving by clear and satisfactory evidence that any transfer of property in question was free and voluntary on the part of the donor" *(Reoux v Reoux,* 3 AD2d 560, 562, affd 4 NY2d 1022; *Matter of Bartel,* 33 AD2d 987, 988). Giving plaintiff the benefit of all inferences that could be drawn from the proof, there was ample evidence introduced which would enable the jury to find a confidential relationship existed between Edna Gielow and her nurse's aide and companion upon whom the alleged donor was dependent *(Matter of Corse,* 16 Misc 2d 538, 540, affd 13 AD2d 651; see, also, Ann, "Undue influence in nontestamentary gifts from patient to physician, nurse or other medical practitioner", 70 ALR2d 591). If the jury finds a confidential relationship existed, the burden of proving by clear and satisfactory evidence that the gift was free and voluntary would shift to the donee. We also find that plaintiff's negligence and breach of contract claims against Homemakers involve questions of fact which must be decided by the jury *(Mendelow v Slabodkin, supra).* Finally, plaintiff contends that the trial court erred in barring the admission of certain evidence. We conclude that the trial court correctly refused to permit a witness to testify as to a comment made by Edna Gielow. While the comment might have some relevance with respect to the confused state of Miss Gielow, the mental condition of Miss Gielow had been sufficiently established and on balance the prejudicial effect of the statement far outweighs its relevance. While the trial court reserved but did not decide the question of striking certain evidence as to Homemaker's insuring and bonding of its employees, we believe that since this case raises questions regarding the contract between plaintiff and Homemakers, evi-

dence of insurance and bonding is relevant to the issue of the scope of Homemakers warranty and thus is admissible (see, e.g., *Oltarsh v Aetna Ins. Co.,* 15 NY2d 111, 118). (Appeal from judgment of Supreme Court, Erie County—conversion, etc.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.