■ DOROTHY CUDEMO, Respondent, v AL AND LOU CONSTRUCTION CO., INC., et al., Appellants.—Appeal (1) from an amended judgment of the Supreme Court in favor of plaintiff, entered June 30, 1975 in Albany County, upon a verdict rendered at a Trial Term, and (2) from an order of said court, entered May 8, 1975, which denied defendants' motion to set aside the verdict. This action was commenced to recover damages for fraud based upon the fact that plaintiff's automobile cannot fit into the garage of the home she purchased from defendant, Al and Lou Construction Co., Inc., through the defendant real estate broker, Moffat-Hollis, Inc. The case was submitted to the jury on the theory that the defendant had knowingly made false representations to the plaintiff, upon which she relied, to the effect that the garage was big enough to accommodate her car, and damages were awarded to the plaintiff against both defendants. On this appeal, defendants contend plaintiff failed to sustain her burden of proof, and failed to establish each of the necessary elements of an action based upon fraud. We need consider only the latter contention. The essential elements of a cause of action grounded in fraud are the representation of a material existing fact, falsity, *scienter,* deception and injury (*Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407; *Reno v Bull,* 226 NY 546, 550). Taking the plaintiff's own version of the facts adduced at the trial, it becomes apparent that there is a complete failure of proof of the requisite element of deception. In order for the plaintiff to recover, she must prove not only that she relied upon the defendants' representations but that her reliance was reasonable or justifiable under the circumstances of the case. In our view, under the facts of this case, there was no justifiable reliance upon defendants' representations, even if made as testified to by the plaintiff. Under the well-settled rule of law, "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." (*Danann Realty Corp. v Harris,* 5 NY2d 317, 322; *Schumaker v Mather,* 133 NY 590, 596; *Sylvester v Bernstein,* 283 App Div 333, affd 307 NY 778.) It is clear that the facts alleged to have been represented in the instant case were not matters peculiarly within the knowledge of the defendants. Whether or not the garage was large enough for plaintiff's automobile could easily be deter-

mined and ascertained by the plaintiff herself. She testified that she visited and inspected the house five or six times prior to signing the contract of purchase, and that she moved into the house a week prior to the transfer of title, during which time she and her husband had full use and control over the house and garage. Since plaintiff, as a matter of law, could not have reasonably relied on defendants' representations, we conclude that her cause of action is fatally defective. Judgment and order reversed, on the law and the facts, with costs, and judgment directed to be entered in favor of defendants dismissing the complaint. Koreman, P. J., Kane, Mahoney, Herlihy and Reynolds, JJ., concur.