■ McKay Construction Company, Inc., Respondent-Appellant, v City of Oneida Housing Authority, Appellant-Respondent.—Cross appeals from a judgment of the Supreme Court, entered February 16, 1978 in Madison County, upon a decision of the court at a Trial Term, without a jury. On June 5 and 12, 1972 defendant City of Oneida Housing Authority (OHA) published a notice soliciting bids for the construction of 100 units of elderly housing in Oneida, New York, and in response thereto, on August 4, 1972, plaintiff McKay Construction Company, Inc. (McKay) submitted a proposal for the project with a contract price of $2,467,731 and an anticipated completion date of October 1, 1973, assuming a starting date of October 1, 1972 as specified in the notice. Following OHA's acceptance of McKay's bid on September 20, 1972, it submitted its choice to the United States Department of Housing and Urban Development (HUD) for approval, and HUD approved the designation of McKay as developer and the proposal for initial processing on January 5, 1973. At this point, it was made clear by HUD, however, that the quoted contract price of $2,467,731 was not final and that the designation of McKay as developer was tentative. Subsequently, in late May or early June of 1973, McKay submitted to HUD the architect's final plan, and on October 3, 1973 OHA and Hud entered into an annual contribution contract whereby HUD agreed to provide OHA with financial assistance for the acquisition and operation of the housing project. The project's financial commitment having thus been guaranteed, on October 9, 1973, OHA and McKay executed a written contract for the sale of certain real estate improved with the elderly housing and with a purchase price of $2,467,731. Fourteen months later when construction was complete, the real estate closing occurred and ownership of the land and improvements was transferred by McKay to OHA. Thereafter, McKay sought money in excess of the contract price from both OHA and HUD to recover for its increased costs which resulted from the delay in the commencement of the construction work, and both of its requests proved to be unavailing. Under these circumstances, McKay instituted the present action, and contending that it signed the contract and completed the construction in reliance upon a misrepresentation by a HUD official that the contract price could later be adjusted upward to reflect its increased costs, it asserted initially in its complaint a cause of action based on fraud. Additionally, it sought to recover in a second cause of action for alleged delays in the finalization of the contract which resulted in it sustaining increased and unnecessary costs. Following a trial without a jury, the court dismissed the fraud cause of action and granted claimant judgment in the amount of $53,591.28 plus interest and costs on the cause of action for delay, and these cross appeals ensued. Considering the fraud cause of action, we find that it was properly dismissed. Not only was there a conflict between the witnesses as to whether or not the alleged fraudulent misrepresentation was ever made, but if the statement as to adjusting the contract price was made, it was made by a minor official of HUD over whom OHA had no control and for whose actions OHA could, accordingly, not be held responsible. Additionally, the trial court was justified in concluding that an experienced contractor and developer, such as McKay, did not rely on the oral statements of such a minor official with whom it had not previously dealt in deciding to sign the subject contract. With these circumstances prevailing, it is clear that McKay did not prove the material elements of an action for fraudulent misrepresentation (see *Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112; *Mendelow v*

*Slabodkin,* 47 AD2d 712). As for the cause of action for delay, it should likewise have been dismissed. The alleged unnecessary delay occurred prior to the execution of the contract on October 9, 1973, and if the delay made the stated contract price unacceptable to McKay because of increased costs, it should simply have refused to sign the contract. Moreover, the alleged delay could be attributed solely to the actions of HUD, whose approval of the contract was required by that document's own terms and over whom, as noted above, OHA exercised no control. Such being the case, OHA could plainly not properly be held liable for the alleged delay on a theory that HUD was merely acting as its agent (cf. *Krom v Sharp & Dohme,* 7 AD2d 761, mot for rearg den 14 AD2d 458; see 2 NY Jur, Agency, §§ 1, 2). Judgment modified, on the law and the facts, without costs, by dismissing the cause of action for delay, and, as so modified, affirmed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.