Anthony R. MARTIN–TRIGONA, Plaintiff,

v.

BROOKS & HOLTZMAN and Daniel Brooks, Defendants.

No. 82 Civ. 4587.

United States District Court, S.D. New York.

Dec. 9, 1982.

Anthony R. Martin-Trigona, pro se.

Brooks & Holtzman, New York City, for defendants; Daniel J. Brooks, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

A common courtesy by Daniel J. Brooks, an attorney admitted to practice in this Court—the moving of the admission *pro hac vice* of Richard Coan, an out-of-state attorney, pursuant to General Rule 2(c) of the Southern District—has triggered this action. Rule 2(c) provides:

> A member in good standing of the bar of any state or of any United States district court, may upon motion be permitted to argue or try a particular cause in whole or in part as counsel or advocate. Only an attorney of this court may enter appearances for parties, sign stipulations or receive payments upon judgments, decrees or orders.

Under this Rule it has been accepted practice in this district for a local attorney to move on oral application the admission *pro hac vice* of an out-of-state attorney either to argue a motion or to try a particular case, which upon compliance with the desig-

nation notice,[1] where required, is invariably granted.[2]

Plaintiff, Anthony R. Martin-Trigona ("Martin-Trigona"), seeks to recover from the movant attorney, Brooks, and his law partner, Holtzman, $600,000 on a claim, among others, that the motion to admit Coan under the Rule constituted "an abuse of the judicial process" whereby Brooks and his partner joined an existing conspiracy to defraud plaintiff of his property and injure him in his business.[3]

Recital of the events leading to this action is required. In December 1980 Martin-Trigona filed an individual Chapter 11 petition in the Bankruptcy Court of this district which was transferred by the Bankruptcy Judge on January 29, 1981, to the District of Connecticut, to which had previously been transferred from this district a Chapter 11 proceeding of the New Haven Radio, Inc. ("corporate debtor"), of which Martin-Trigona was the sole stockholder.

A notice of appeal was filed from the order transferring the Martin-Trigona proceeding to the District of Connecticut but the appeal was not perfected until some fourteen months thereafter. During the interval, Martin-Trigona had participated both in his individual and the corporate Chapter 11 proceedings in the Bankruptcy Court of Connecticut and various orders had been entered in those proceedings.[4] Among the orders entered there was the appointment of Richard Belford as trustee to administer the Martin-Trigona estate and the authorization to retain the law firm of Coan, Lewendon & Royston of New Haven as attorneys for the trustee. Richard Coan of that firm was in charge.

When the Martin-Trigona appeal from the transfer order to Connecticut was finally noticed for argument, Belford and Coan sought to intervene and oppose the appeal on various grounds. Thereupon Martin-Trigona, by letter dated June 12, 1982, prior to the date scheduled for the argument of the appeal, notified them that they were not admitted to practice in the Southern District of New York and that "the rules of the Southern District require appearances only through local counsel with a local office." Coan then requested Brooks, a friend and a law school classmate, to move Coan's admission *pro hac vice.* Brooks agreed to do so, and both he and Coan co-signed a joint motion to this Court for leave for Coan to appear *pro hac vice* on behalf of the trustee to oppose Martin-Trigona's appeal.

Following receipt of that notice of motion, Martin-Trigona, by letter dated June 24, 1982, referred to hereafter, cautioned Brooks that unless he withdrew his appearance a professional disciplinary proceeding and legal action would follow, as indeed they did. In fact, Martin-Trigona commenced this action in the Supreme Court of the State of New York on June 24, 1982, even before the return date of the motion for leave to appear *pro hac vice,* which was returnable June 29, 1982, the same day when the appeal from the order transferring the Martin-Trigona Chapter 11 proceeding to Connecticut was scheduled. On that day, after hearing the respective parties, this Court, over Martin-Trigona's objection, granted the motion to admit Coan *pro hac vice* and the argument of the appeal proper was deferred and decided at a subse-

---

1. Another court rule governing attorneys, Rule 3(a), provides:

> No member of the bar of this court not having an office within the Southern or Eastern District of New York shall appear as attorney of record in any cause without designating with his initial notice or pleading a member of the bar of either district having an office within the Southern [or Eastern] District of New York upon whom service of papers may be made.

2. *See Spanos v. Skouras Theatres Corp.,* 364 F.2d 161, 168 (2d Cir.1966) (on reconsideration *in banc*) ("There is not the slightest reason to suppose that if by their lawyers defendants had sought admission *pro hac vice* ... the motion would have been denied.") *Cf. Schifrin v. Chenille Mfg. Co.,* 117 F.2d 92 (2d Cir., 1941), *cert. denied,* 313 U.S. 590, 61 S.Ct. 1114, 85 L.Ed. 1545 (1941).

3. Complaint at ¶¶ 2, 4, 9.

4. The details of both proceedings are set forth in the opinion of this Court dated October 20, 1982, which affirmed the respective orders of transfer. *In re New Haven Radio, Inc.,* Debtor, and *In re Anthony R. Martin-Trigona,* Debtor, 23 B.R. 762 (S.D.N.Y.1982).

quent date.[5] On July 14, 1982, Brooks and his law firm removed Martin-Trigona's action from the Supreme Court of the State of New York to this court pursuant to 28 U.S.C., section 1441(b).

Martin-Trigona now moves to remand the action to the state court on the ground that this court lacks subject matter jurisdiction over the controversy. Defendants oppose the motion to remand and cross-move for summary judgment and additional relief.

*The Motion to Remand*

■ 28 U.S.C., section 1441(b), authorizes the removal of "any civil action of which the district courts have original jurisdiction founded upon a claim of right arising under the Constitution, treaties or laws of the United States." Martin-Trigona argues that this action was improperly removed because it does not "arise under" the laws of the United States but rather alleges common law torts under the law of New York State.

Paragraph 2 of the complaint, entitled "Summary of the Action," alleges that the defendants have engaged in fraud and abuse of process by purporting to be "local counsel" for Richard Belford without authorization by court order. The first claim is for abuse of process by filing "pleadings with courts within the County of New York making representations which were false and known to defendants to be false. . . . [T]hat defendants had been appointed counsel for one Belford, when in fact such pleadings were never authorized by federal rule and statute as required."[6] The pleadings filed "with courts within the County of

New York," referred to in the foregoing allegations obviously are those filed in this federal district court; the federal rule and statute referred to are the provisions of the federal bankruptcy code and bankruptcy rules which require that a trustee obtain court approval before employing an attorney to render professional services in the administration of a debtor's estate.[7] The second and third claims repeat the allegations of the first and charge that the defendants' conduct also constitutes fraud, conspiracy to commit fraud, and prima facie tort. The relief sought in addition to $600,000 damages is an injunction "barring defendants from making false and fraudulent representations claiming to represent parties which in fact as a matter of law they do not represent."[8]

In *American Well Works v. Layne & Bowler Co.,*[9] Justice Holmes stated that "[a] suit arises under the law that creates the cause of action." To be sure, the torts of abuse of process, fraud, and prima facie tort are causes of action created by the law of New York State rather than the United States. But that does not end the matter. The *American Well Works* formula is not the exclusive test for "arising under" jurisdiction. As Judge Friendly said in *T.B. Harms Co. v. Eliscu:*

> It has come to be realized that Mr. Justice Holmes' formula is more useful for inclusion than for the exclusion for which it was intended. Even though the claim is created by state law, a case may "arise under" a law of the United States if the complaint discloses a need for determin-

---

5. *See* n. 4.

6. Complaint at ¶¶ 3, 5.

7. *See* Martin-Trigona letter to Brooks dated June 24, 1982. The relevant provisions are 11 U.S.C., § 327(a) and Bankruptcy Rule 215.
11 U.S.C. § 327(a) provides in pertinent part: [T]he trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Bankruptcy Rule 215 provides in pertinent part:
No attorney . . . shall be employed except on order of the court. . . . If the attorney . . . represents or holds no interest adverse to the estate in the matters upon which he is to be engaged, and his employment is in the best interests of the estate, the court may authorize his employment.

8. Complaint at ¶ B.

9. 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916).

ing the meaning or application of such a law.[10]

However worded, plaintiff's claims, although purporting to allege common law torts under New York law, involve the application and interpretation of the federal bankruptcy statute, a federal bankruptcy rule, a federal local rule governing the admission of attorneys, and a federal district court order in an action of which it had sole and exclusive jurisdiction. The alleged "abuse of judicial process and fraudulent conduct in purporting to be 'local counsel' for one Richard Belford, Trustee"[11] involve acts and conduct which occurred in this court under federal statute and local rule. That it does not involve any act or conduct in the state courts is beyond dispute. Thus immediately after Brooks filed an affidavit for the admission of the Connecticut attorney, Martin-Trigona wrote to Brooks with respect to "your purported appearance in my bankruptcy litigation.... [You] have no right to appear, your appearance is void, and you have been sued for malicious abuse of process and fraud.... You claim in your affidavit to be local counsel for Richard Belford. No attorney may appear in bankruptcy court for another attorney, or for the debtor, without the prior approval of the court and full disclosure to the bankruptcy court. Mr. Coan cannot make you 'local counsel' because he lacks the power to do so. Only the bankruptcy judge in Hartford can do so, if indeed he can do so."[12]

The hard core of plaintiff's claim centers about the employment of counsel for trustees under the federal bankruptcy law and the power of trustees to act thereunder, as well as local United States District Court rules pertaining to the admission of attorneys *pro hac vice*. Similarly, plaintiff's claim for injunctive relief barring the defendants from claiming to represent parties relates to representation in the United States District Court for this district or another federal district under the local rules. All claims center about and challenge an order of this Court which granted an application of an out-of-state attorney to appear in a proceeding pursuant to the local rules of the court. Since the complaint on its face requires determination of the meaning and application of federal law and related rules and local rules governing the admission of attorneys, and because the federal question in the case is a pivotal one, the action arises under federal law in the *T.B. Harms* sense. The motion to remand is denied.

*Motion for Summary Judgment*

■ Defendants' motion for summary judgment is granted as to all three claims as a matter of law on the undisputed facts.[13] As stated above, the pivotal issue in all three claims is whether the defendants' motion to admit the trustee's attorney *pro hac vice* violated federal bankruptcy law or this court's local rules. It is manifest that it did not. The purpose of the provisions requiring court approval before

10. 339 F.2d 823, 827 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1530, 14 L.Ed.2d 435 (1965). *See also Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921); *McFadden Express, Inc. v. Adley Corp.,* 346 F.2d 424, 426 (2d Cir.1965), *cert. denied,* 382 U.S. 1026, 86 S.Ct. 648, 15 L.Ed.2d 540 (1966); *Sweeney v. Abramovitz,* 449 F.Supp. 213 (D.Conn.1978).

In *Sweeney v. Abramovitz,* then District Judge Newman held that a state action for malicious prosecution arose under federal law and thus was properly removed to federal court because there was a pivotal question of federal law in the case. The defendant in an unsuccessful section 1983 action had sued the 1983 plaintiff in state court for malicious prosecution. Judge Newman denied a motion to remand because a pivotal question in the claim

was whether the 1983 plaintiff had had probable cause to believe that a valid 1983 action existed—this question, of course, being a matter of federal law.

11. Complaint at ¶ 2.

12. Martin-Trigona letter to Brooks dated June 24, 1982.

13. Fed.R.Civ.P. 56(b). Plaintiff strains to create factual issues where there are none. He denies, for example, that this Court granted the defendants' motion to admit Coan *pro hac vice* because "the Court acted orally [and] without proper reflection." Plaintiff's Response to Defendants' Rule 3(g) Statement at ¶ 2. This contention and others like it disregard the record and do not create genuine issues of fact.

professional persons such as attorneys are employed in the administration of a debtor's estate is to ensure that those professionals who are employed possess no interests adverse to the estate.[14] There is not the slightest evidentiary support for any contention that Brooks or his law firm possess interests adverse to the debtor estate. Defendants deny possessing any such interest; Martin-Trigona responds merely by alleging the contrary but he submits nothing of factual content in support of the allegation. Plaintiff's conclusory allegation does not create a genuine issue of fact. "The absence of facts is not cured by vituperation and the indiscriminate use of opprobrious adjectives. Neither is it cured by mere assertions unaccompanied by facts which would be admissible in evidence upon a trial." [15]

The claim that the Bankruptcy Court in Connecticut did not expressly authorize the trustee to engage Brooks' services to make the application, assuming that this was required, is irrelevant on this motion. The issue here is whether Brooks' performance of a ministerial act, moving the admission of Coan *pro hac vice* in conformity with the local rule, which motion was granted by the District Court, is as alleged fraudulent conduct giving rise to the charges of abuse of process, fraud, conspiracy to commit fraud and prima facie tort. Because there is no knowing misrepresentation or other fraudulent acts in violation of federal law, the defendants' conduct does not constitute fraud, conspiracy to commit fraud, abuse of process, or prima facie tort as a matter of law.

Plaintiff's claims also fail as a matter of state law. An essential element of the tort of abuse of process is some form of compulsory process forcing the performance or forbearance of some prescribed act.[16] Moving the admission of another attorney for leave to argue an appeal did not compel plaintiff to do or forbear from doing anything and thus is not the kind of process which can give rise to the tort of abuse of process. Two essential elements of a cause of action grounded in fraud are deception and injury.[17] The defendants' affidavit did not deceive Martin-Trigona into believing that the attorneys had been appointed by the bankruptcy court (witness his immediate filing of this lawsuit alleging noncompliance with the bankruptcy code), nor did it deceive this Court. In addition, the affidavit caused plaintiff no injury. Further, plaintiff's vague, conclusory allegations that defendants participated in a conspiracy to commit fraud are insufficient.[18] Finally, with respect to the prima facie tort claim, this tort is not "a catch-all alternative for every cause of action which cannot stand on its own two legs." [19] Plaintiff's prima facie tort claim merely repeats his deficient abuse of process, fraud, and conspiracy claims. Defendants' motion for summary judgment dismissing the complaints is therefore granted.

*Motion for an Injunction*

Defendants request that this Court enjoin Martin-Trigona from subjecting them to any additional lawsuits or proceedings based on their motion to admit Coan *pro hac vice*. The equity power of a court

**14.** *See* 2 Collier on Bankruptcy § 327 (15th ed. 1979).

**15.** *Morgan v. Sylvester,* 125 F.Supp. 380, 389–90 (S.D.N.Y.1954), *aff'd,* 220 F.2d 758 (2d Cir., 1955), *cert. denied,* 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768 (1955). *See also United States v. Potamkin Cadillac Corp.,* 689 F.2d 379, 381 (2d Cir.1982); *Applegate v. Top Associates, Inc.,* 425 F.2d 92, 96 (2d Cir.1970) (To avoid summary judgment plaintiff "must support vague accusations and surmise with concrete particulars.")

**16.** *See Board of Ed. v. Farmingdale,* 38 N.Y.2d 397, 403, 380 N.Y.S.2d 635, 642, 343 N.E.2d 278, 282 (1975).

**17.** *See Cudemo v. Al & Lou Const. Co.,* 54 A.D.2d 995, 387 N.Y.S.2d 929 (1976); *Mendelow v. Slabodkin,* 47 A.D.2d 712, 365 N.Y.S.2d 296 (1975).

**18.** *See ABKCO Industries, Inc. v. Lennon,* 52 A.D.2d 435, 384 N.Y.S.2d 781 (1976).

**19.** *Belsky v. Lowenthal,* 62 A.D.2d 319, 405 N.Y.S.2d 62, 65 (1978), *aff'd,* 47 N.Y.2d 820, 418 N.Y.S.2d 573, 392 N.E.2d 560 (1979).

to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C., section 1651(a).[20] The vexatious and harassing nature of plaintiff's lawsuit against the attorneys is self-evident. The defendants' motion to admit Coan did not injure Martin-Trigona in any respect. However, he responded by filing not only the instant suit, but also a complaint with the Disciplinary Committee of the New York State Supreme Court charging the attorneys with unethical conduct. The vindictive nature of his action is emphasized by the fact that simultaneously with the commencement of the action against the attorneys, he purported to serve a "lis pendens" to "Banks & Trust Companies, Secretary of State, credit companies, mortgagees, title holders and all other persons with an interest in the claims or assets of the above named defendants," advising them that he had commenced the action against the defendants and that "a lien is claimed on any and all assets of the defendants within the State of New York." This conduct is typical of this plaintiff. The Court takes judicial notice that Martin-Trigona has over the years filed a substantial number of lawsuits of a vexatious, frivolous and scandalous nature. He has been a persistent and calculating litigator. There is a long trail of such actions commenced by him against federal and state judges, bar examiners, public officials, public agencies, lawyers and individuals who in one way or another had any relationship, directly or indirectly, to any matter concerning him. No purpose would be served by publicly listing the numerous lawsuits and proceedings instituted by him in federal and state courts. Suffice it to quote the Seventh Circuit Court of Appeals where much of Martin-Trigona's litigation has centered: "The tendency of this witness [Martin-Trigona] to exaggerate, to believe himself the victim of conspiracies where none exist, and to suspect without any reasonable basis that others are persecuting him is evident from many of his filings in this record." [21] In this action he has manifested the same conduct. A routine motion for the admission of a fellow out-of-state attorney has resulted in a barrage of scandalous charges of conspiratorial conduct against young attorneys on the threshold of their legal careers. Plaintiff has imposed upon them unwarranted expense in resisting the charges and has placed an unnecessary burden on the Court.[22] Simple justice requires that the defendants be protected against Martin-Trigona's litigious activities based upon defendants' motion made under the Rules of this Court.

What this Court stated in a somewhat related situation, "[t]he fact that one appears pro se is not a license to abuse the process of the Court and to use it without restraint as a weapon of harassment and libelous bombardment," [23] applies with greater force to this plaintiff. While denied admission to practice law, he is a law school graduate.[24] Given his legal education and experience in multifarious litigations, Martin-Trigona could not have been unaware that his action was groundless. In view of the well-documented and unrestrained proclivity for vexatious litigation by plaintiff, the defendants are entitled to protection against other suits based upon the motion made to admit Coan *pro hac vice*.[25] Accordingly, the defendants' motion

**20.** *See In the Matter of Hartford Textile Corp.,* 681 F.2d 895, 897 (2d Cir.1982); *Ward v. Pennsylvania N.Y. Central Transportation Co.,* 456 F.2d 1046, 1048 (2d Cir.1972); *Kane v. City of New York,* 468 F.Supp. 586, 590 (S.D.N.Y.), *aff'd,* 614 F.2d 1288 (2d Cir.1979).

**21.** *Martin-Trigona v. Gouletas,* 634 F.2d 354, 362 (7th Cir.1980) (per curiam).

**22.** *Cf. Matter of Hartford Textile Corp.,* 681 F.2d 895, 897 (2d Cir.1982).

**23.** *Kane v. City of New York,* 468 F.Supp. 586, 592 (S.D.N.Y.), *aff'd,* 614 F.2d 1288 (2d Cir. 1979).

**24.** *See In re Anthony R. Martin-Trigona,* 55 Ill.2d 301, 302 N.E.2d 68 (1973), *cert. denied,* 417 U.S. 909, 94 S.Ct. 2605, 41 L.Ed.2d 212 (1974).

**25.** *See In the Matter of Hartford Textile Corp.,* 681 F.2d 895, 897 (2d Cir.1982).

to enjoin plaintiff from instituting any other actions or proceedings against them, whatever kind or nature, based upon their motion to admit Coan to appear *pro hac vice* in this Court in the debtor proceedings referred to herein is granted.

Submit order in accordance with the foregoing.