■ JAMES LANERA, Respondent, v HERTZ CORPORATION et al., Appellants, et al., Defendants.—Judgment of the Supreme Court, Westchester County (Matthew F. Coppola, J.), entered on or about March 1, 1989, which awarded judgment in favor of plaintiff and against defendants, Hertz Corporation (Hertz), I. Martin Pompadur and Joan Pompadur, as administrators of the estate of F. Douglas Pompadur, and Benjamin J. Oderifero, in the sum of $3,823,251.12, unanimously affirmed, without costs.

This case arises as a result of a tragic automobile accident that occurred on the rainy evening of November 28, 1985. Elisa Lanera was a passenger in the automobile driven by F. Douglas Pompadur. The vehicle driven by Pompadur was leased from Hertz. The other vehicle in the accident was owned and operated by Benjamin Oderifero, whose brother Daniel was in the back seat. Both Pompadur and Benjamin Oderifero were driving while intoxicated.

The accident occurred at an intersection. Elisa Lanera died at the hospital approximately one hour after the accident. Driver Pompadur was dead at the accident scene. Benjamin Oderifero sustained minor injuries. Oderifero was subsequently convicted of two counts of second degree vehicular manslaughter as a result of the accident.

The trial of this action resulted in a verdict for plaintiff. The jury found 70% of the liability against Oderifero and 30% against defendants-appellants. They awarded $2.8 million on the wrongful death claim and $350,000 on the conscious pain and suffering claim. Upon a posttrial motion, plaintiff agreed to reduce the pain and suffering award to $200,000.

Defendants contend that there was no evidence to support any liability assessed against them. However, the record demonstrates that the jury reached its conclusion on a fair interpretation of the evidence and thus there is no basis to set aside the verdict. (See, Zipay v Benson, 47 AD2d 233.) Even if it is assumed that Pompadur entered the intersection upon a green traffic light, the jury could reasonably have found that he was negligent and his conduct was thus a concurrent cause of the accident since the conduct of both drivers approaching an intersection must be consistent with reasonable care, regardless of the color of the light. (See, Leach v Patroon Cab Corp., 27 AD2d 769.)

Defendants-appellants assert that they should have been permitted to introduce statements made by the Criminal Court Judge during the sentencing of Oderifero to show that Oderifero was the sole cause of the accident. However, not only do such statements not come within the purview of CPLR 4513, but the Trial Judge's determination not to allow the statements into evidence was a decision resting in his sound discretion since the prejudicial impact of the evidence far outweighs its probative value. (See, Hazel v Sacco, 52 AD2d 1042.)

While defendants maintain that the wrongful death award was excessive, we disagree. The fixing of the pecuniary damages in a death action is peculiarly within the province of the jury. (Parilis v Feinstein, 49 NY2d 984.) Upon a review of Mrs. Lanera's age, character, earning capacity, life expectancy, health, intelligence and the circumstances of her distributees, there was ample evidence for the jury to determine that the wrongful death damages were worth $2.8 million.

We have considered defendants' other claims and find them to be unpersuasive. Concur—Murphy, P. J., Rosenberger, Kassal and Smith, JJ.