Benjamin Brenner, J.
The motion by assignee for the benefit of creditors to expunge the claim of the landlord for use and occupation is denied since the assignee does not dispute his possession of the premises from the time of assignment until the *344 time that auction sale of assets was completed. This is an administrative expense for which the assignee is liable.
The assignee also moves to direct the landlord to pay the security deposited under a lease between him and the original tenant. Apparently, the landlord does not deny that he failed to segregate the deposit, which amounts to conversion. In these circumstances, the assignee would ordinarily be entitled to the return of same (General Obligations Law, § 7-103, subd. 1; Matter of Perfection Tech. Serv. Press, 22 A D 2d 352; Matter of Holst Co., 213 N. Y. S. 2d 952) and any waiver of the statute is void (General Obligations Law, § 7-103, subd. 3).
However, the question here really is whether the commingled deposit constitutes the property of the assignor, Izrue Corp. The lease was not entered into with Izrue but between the landlord and the original tenant, Safron. In the rider attached to paragraph 4 of the lease, the landlord consents to an assignment thereof to Izrue, a corporation to be formed, with the provision that the tenant shall remain responsible in the event of an assignment. The certificate of incorporation was not filed in the Department of State of New York until August 12, 1964 and it is not disputed that Izrue went into possession and was treated as the tenant from which rent was collected.
Hence, the dispute focuses upon the alleged assignment of the lease and of the security and there is no proof of a written assignment of either. Now, the lease was for a period of five years so that its assignment, if actually made verbally, had no validity, for an assignment of an estate or interest in real property other than a lease for a term not exceeding one year requires a writing (General Obligations Law, § 5-703, subd. 1). Had there been a written assignment of lease, it still would not pass title to the security deposited unless the security were specifically referred to and included in the assignment (Nemtzoff v. Vagnier, 163 N. Y. S. 1075). Moreover, an assignment of a security deposit is not an assignment of an interest in leasehold but in personalty, that is, a personal claim to money which may be assigned independently of the lease (Manhattan Shift Co. v. Cisternino, 184 Misc. 986). There being insufficient proof of the assignment of the security, written or otherwise, the security fund, though commingled, remains the property of the landlord. Both branches of the motion are accordingly denied.