■ LOUIS PETRACCIONE et al., Appellants, v NORMA L. SIMMONS, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered November 16, 1983 in Schenectady County, upon a decision of the court at Trial Term (Dier, J.), without a jury.

The facts submitted on stipulation by the parties disclose that on July 3, 1979, defendant, by warranty deeds, conveyed to plaintiffs two unimproved parcels of real property located in the Town of Clifton Park, Saratoga County. The realtor's listing contained, *inter alia,* a figure for the amount of the taxes, and also the phrase "community water available". Under the contract of sale, plaintiffs were required to obtain a tax search, with taxes, water rents and municipal assessments to be apportioned. At the closing, the only items prorated were town, county and school taxes. In 1980, plaintiffs received their town tax bill, listing a special fee of $317.24 per lot. This fee represented an annual assessment imposed by virtue of defendant's prior request that the properties be included within the Rexford Water District and that the owner be considered an "outside user". The annual fee was based on this request and charged regardless of use. Apparently, plaintiffs were not informed of this special assessment and when the bill therefor was received, they instituted this action for breach of their covenant of quiet enjoyment, fraud and rescission based upon fraud, together with damages in the amount of $100,000 compensatory and $25,000 punitive.

With respect to the causes of action for breach of the covenant of quiet enjoyment, Trial Term held that an inchoate special assessment does not establish an actual lien on the properties sufficient to support such causes of action, and dismissed them. Plaintiffs have not urged reversal of this determination on this appeal (see *Real Estate Corp. v Harper,* 174 NY 123).

The causes of action for fraud and rescission based on fraud were also dismissed by Trial Term for insufficiency. This dismissal was based on a finding that plaintiffs were represented by counsel who was required to provide a tax search and who had access to the real estate listing containing the words "community water available". Trial Term found that these words should have prompted plaintiffs and their attorney to ascertain the true significance and meaning of that phrase. Plaintiffs were content to rely on their own interpretation thereof that no fees would be charged unless water was actually provided. This interpretation, while reasonable, was not factually correct. The facts established that the annual fee was assessed even if no

water was obtained and that there was an additional fee for the use of any water. Trial Term found that this information was as readily available to plaintiffs as to defendant and that plaintiffs, therefore, failed to establish their justifiable reliance on defendant's representation, an essential element of an action in fraud (*Cudemo v Al & Lou Constr. Co.*, 54 AD2d 995). Significantly: "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations" (*id.*, quoting *Danann Realty Corp. v Harris*, 5 NY2d 317, 322).

Trial Term further found that plaintiffs did not claim that the tax search would not have disclosed the special assessment, but only that their attorney's search did not discover it and defendant did not disclose it. In a fraud claim, it is a factual determination as to whether a party should have ascertained the facts with reasonable diligence so as to negate justifiable reliance (see *Tahini Invs. v Bobrowsky*, 99 AD2d 489, 490). The finding of the trial court that plaintiffs failed to prove their justifiable reliance on defendant's representations is supported by the record and the dismissal of the causes of action sounding in fraud for such failure of proof, and the judgment entered thereon, should be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.