■ LEONARD BARCOMB et al., Respondents, v HAROLD G. ALFORD et al., Appellants.—Casey, J. Appeal from an order and judgment of the Supreme Court in favor of plaintiffs, entered April 9, 1986 in Clinton County, upon a decision of the court at Trial Term (Doran, J.), without a jury.

Shortly after plaintiffs purchased a mobile home park from defendants, problems developed with the park's water system, requiring extensive modifications, which included the drilling of several new wells in order to provide an adequate water supply. Seeking to avoid the consequences of a clause in the contract which limited defendants' liability regarding the water supply, plaintiffs claimed that defendants made material misrepresentations concerning the adequacy of the existing water supply and that plaintiffs relied upon the misrepresentations. Trial Term found in favor of plaintiffs and awarded damages based upon the actual costs incurred by plaintiffs. Defendants appeal from the resulting order and judgment.

In finding that plaintiffs relied to their detriment upon material misrepresentations made by defendants concerning the adequacy of the mobile home park's water supply, Trial Term concluded that it had made a mistake during the trial when it sustained defendants' objection to a question to plaintiff Leonard Barcomb as to whether Barcomb had relied upon the representations concerning the yield or recovery rate of the two wells that supplied water to the mobile home park. The court concluded that had Barcomb been allowed to answer the question, he would have testified that he did in fact

rely upon the representations. Next, the court stated that "even if [it] were wrong in this approach, the Court nevertheless concludes that reliance has been proven".

We agree with defendants' argument that Trial Term's posttrial ruling on the admissibility of Barcomb's testimony on the issue of reliance effectively deprived defendants of the opportunity of cross-examination on one of the principal issues of the case. More importantly, however, in the exercise of our fact-finding powers in nonjury cases *(see, Petroleum Serv. Co. v Steel City Painting Co.,* 115 AD2d 872, 874), we conclude that plaintiffs have not met their burden of proving reliance upon defendants' representations *(see, Petraccione v Simmons,* 106 AD2d 776, 777), and we reach this conclusion irrespective of whether Trial Term erred in its posttrial ruling concerning Barcomb's testimony on the issue of reliance.

In order to recover, plaintiffs must prove not only that they relied upon defendants' misrepresentations, but that their reliance was reasonable or justifiable under the circumstances *(see, Cudemo v Al & Lou Constr. Co.,* 54 AD2d 995). "Under the well-settled rule of law, 'if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations.' " *(Id.,* quoting *Danann Realty Corp. v Harris,* 5 NY2d 317, 322.) The record establishes that the facts represented by defendants were not peculiarly within their knowledge, and that through the exercise of ordinary intelligence plaintiffs could have discovered the true recovery rate or yield of the wells. Harold Ormsby, a professional well driller, testified that he tested the wells after they were drilled and the results of the tests were available. The testimony of Barcomb, who had experience as a real estate developer, revealed his awareness that the recovery rate of a well is generally measured by the well driller and can also be tested personally. Barcomb's testimony also established that he learned from defendants that Ormsby had drilled the wells, and that he knew Ormsby. Nevertheless, despite their concern about the adequacy of the water supply, plaintiffs neither contacted Ormsby nor made any effort to test the wells.

Defendants refused to guarantee the future recovery rate or yield of the wells. Instead, the parties agreed that "if problems with either well should develop" defendants would pay a

certain lump sum to plaintiffs if either well had to be dug deeper or if a new well had to be drilled. Under the facts and circumstances of this case, plaintiffs should be bound by the terms of the provision in the agreement, which is in the nature of a liquidated damages clause. We reject the argument that the amount provided for in the contract is so inadequate and disproportionate to plaintiffs' actual damages that the clause should be stricken as unconscionable *(see, Viaggio & Sons v City of New York,* 114 AD2d 939, 940). It is noteworthy that plaintiffs' actual costs were greatly inflated by their misfortune in drilling four "dry holes" before striking water on the fifth attempt, an unanticipated event wholly beyond defendants' control.

Order and judgment modified, on the law and the facts, with costs, by reducing the award in favor of plaintiffs to $1,500, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.