■ WILLIAM R. CHOPP, Respondent, v WELBOURNE & PURDY AGENCY, INC., et al., Defendants, and JOAN M. RICKETT, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Graves, J.), entered December 18, 1986 in Schenectady County, upon a decision of the court, without a jury, in favor of plaintiff.

In December 1980, defendant Joan M. Rickett listed her home, located in Schenectady County, for sale with defendant Welbourne & Purdy Agency, Inc., a real estate brokerage firm. The listing described the condition of the house as "excellent". Plaintiff expressed an interest in buying the home, had several discussions with Rickett and defendant Corrine J. Cazer, the real estate agent, and visited the home on a number of occasions. According to plaintiff, there were discussions concerning the roof of the house and the heating/air-conditioning system. The parties agreed to a sale of the house and executed a contract which contained an "as is" clause. Soon after the parties closed in January 1981, plaintiff discovered serious problems with the heating/air-conditioning system and the roof, which necessitated substantial repairs.

Plaintiff commenced this action against defendants alleging that they had made knowingly false representations regarding the roof and the heating/air-conditioning system which induced him to purchase the house. After a nonjury trial, Supreme Court found that closer examination by plaintiff of

the heating/air-conditioning system might well have revealed the problems and, accordingly, rejected plaintiff's claim regarding this matter. Plaintiff does not appeal from this finding. The court further found that Rickett misrepresented the condition of the roof and that plaintiff could not reasonably have discovered such a fact. Thus, Rickett was found liable to plaintiff for the cost of repairing the roof. Rickett appeals from the judgment, claiming that there was insufficient proof of fraud and that the "as is" clause bars the action.

To establish a cause of action for actual fraud, a plaintiff must establish a representation of material fact which is untrue and known to be untrue or recklessly made, offered to deceive the other party and induced the other party to rely upon it to his injury *(Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119; *Bailey v Diamond Intl. Corp.,* 47 AD2d 363, 365). The party alleging fraud in the inducement bears the burden of proving the above elements by clear and convincing evidence *(Mix v Neff,* 99 AD2d 180, 183). Further, "as is" or general merger clauses in a contract do not shield a defendant from judicial inquiry into specific allegations of fraud in the inducement of the contract *(Caramante v Barton,* 114 AD2d 680, 682).

Plaintiff testified that when he inquired as to water stains on a wall of the house near the ceiling, Rickett told him that there had been a leak, but the roof had subsequently been replaced. This would have been 1 or 2 years prior to the sale at issue here. Also, plaintiff testified that Rickett assured him that, at that time, additional insulation was installed in a cathedral ceiling. Rickett's testimony was inconclusive on this point. Plaintiff testified that the roof began to leak the first spring after the parties closed. He testified that he personally repaired the roof and, at that time, discovered that new shingles had been installed over old deteriorated shingles. After removing both sets of shingles he discovered that much of the plywood roofing was rotted. Approximately 1,600 square feet of the 1,800 square feet of roof had to be replaced. Rickett disagreed, testifying that her brother repaired the roof and replaced the plywood roofing along with the shingles. A neighbor who testified that he helped plaintiff repair the roof corroborated plaintiff's testimony on this point. Since this case was tried without a jury, this court has the power to weigh conflicting testimony and inferences and can grant the judgment which upon the evidence should have been granted by the trial court *(Arnold v State of New York,* 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723). However, we recognize

that Supreme Court had the advantage of being able to observe the demeanor of the witnesses.

Here, plaintiff's testimony and that of the neighbor, if believed, established that the roof had not been replaced. Also, plaintiff's testimony, along with that of Rickett given at an examination before trial, support the assertion that Rickett told plaintiff that the roof had been replaced. It is obvious that this misrepresentation was of a material fact and that plaintiff relied on it in deciding to purchase the house. Finally, it cannot be said that plaintiff had the opportunity to discover the true facts. The negotiations and sale occurred in the winter and plaintiff testified that there was snow on the roof. Additionally, the true state of the roof was discovered only after the top layer of shingles was removed.

We concur with the findings of fact and conclusions of law made by Supreme Court.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.