■ NICHOLAS DIMATOS et al., Respondents, v GERALD C. MICHEL, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Fischer, J.), entered May 9, 1989 in Broome County, which denied defendant's motion for, *inter alia,* summary judgment dismissing the complaint.

In this breach of contract action, plaintiffs allege that they bought defendant's home in reliance upon defendant's fraudulent misrepresentation that the well water servicing the property was excellent and of good quality. A sample of the water taken by plaintiffs for purposes of a bacteriological test prior to the closing indicated that the water was sufficiently free of bacteria. However, plaintiffs allege that after occupying the house, they discovered that the water supply was undrinkable and unusable even for bathing purposes as it made their skin itch. Tests on the water performed thereafter reportedly demonstrated that the water contained unsafe amounts of chloride and sodium and a high amount of nitrates, making the water unsuitable for drinking. As a result of these difficulties, plaintiffs contend that they were forced to purchase bottled water and that they ultimately had to purchase an additional piece of land adjoining their property in order to sink a new well.

Following joinder of issue, defendant moved for summary judgment and Supreme Court denied this relief. This appeal by defendant followed.

We affirm. Summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue *(see, Munzer v St. Paul Fire & Mar. Ins. Co.,* 145 AD2d 193). In support of his motion in the case at bar, defendant basically swears to the fact that the water was safe and was used by him for all purposes while he lived there. Additionally, defendant denies making any representations regarding the water and contends that, even if he did, plaintiffs did not rely on such statements because plaintiffs had the water independently tested for bacteria prior to the purchase. In opposition to this motion, plaintiffs submitted several affidavits from themselves and others attesting that defendant represented in front of witnesses that the water was "excellent". Plaintiffs argue that because the real problems with the well had nothing to do with bacteria and could not have been discovered in the bacteriologist test, it is not true that they did not rely on defendant's alleged representation that the water was exemplary. Reports of tests commissioned by defendant in 1967 and 1970 that were attached to plaintiffs' bill of particulars indicate that the water was of questionable sanitary quality at that time. As for defendant's contention that the water was used by himself when he lived there, it is significant that affidavits from defendant's neighbors state that defendant obtained drinking water from other sources prior to the sale of the house because of unspecified "problems" with defendant's well water.

Although defendant in his own affidavits disputes these contentions, it is abundantly clear that these and other disputed issues present questions of fact which should be resolved by a trier of fact. Accordingly, Supreme Court properly denied defendant's motion *(see,* CPLR 3212 [b]).

Order affirmed, with costs. Kane, Weiss, Mercure and Harvey, JJ., concur.

Mahoney, P. J., concurs in a separate memorandum. Mahoney, P. J. (concurring). I concur that summary judgment was properly denied and write separately to make clear the precise rationale for my conclusion. I believe that an initial issue is whether plaintiffs, in performing a bacteriological water test prior to closing to satisfy their clearly expressed concern over water quality, performed a full ordinary inspection as they

assert *(see, Young v Keith,* 112 AD2d 625). The record is bare, however, with regard to what constitutes a full ordinary inspection vis-à-vis water quality, so that a question of fact on this matter remains unresolved. If plaintiffs failed to complete a full ordinary inspection despite their opportunity for and actual performance of a water test prior to closing, then severe doubt must be cast upon plaintiffs' reasonable reliance on defendant's alleged misrepresentations *(see, Barcomb v Alford,* 125 AD2d 907). If, on the other hand, plaintiffs did perform all the water tests required by an ordinary inspection, then the trier of fact must resolve the parties' conflicting factual assertions as detailed by the majority.