■ 10-162 Corp., Respondent-Appellant, v Tompkins Green Associates et al., Appellants-Respondents.

The issue here is whether plaintiff is entitled to summary judgment on its claim for fraud in the inducement. We hold that the Motion Court erred in granting the motion, and that defendants are entitled to a trial on factual issues including whether there was a misrepresentation made with actual intent to defraud, and whether plaintiff's principals relied on it. Plaintiff's proof in support of its motion for summary judgment does not meet the high standard of clear and convincing evidence required for proof of fraud. *(See, Chopp v Welbourne & Purdy Agency,* 135 AD2d 958.)

The plaintiff seeks money damages for an alleged misrepresentation as to the amount of rent actually being collected by the defendants who sold a ten building assemblage of tenements adjacent to Tompkins Square Park to plaintiff in 1984. This claim was originally interposed as a defense to foreclosure proceedings in 1989, but was dismissed pursuant to the terms of the contracts of sale, and now proceeds as a plenary action.

At the heart of the fraud claim is paragraph 42, contained in each of the ten contracts of sale with respect to each building sold. That paragraph provides as follows: "The Seller specifically does not represent or warrant that any of the rents collected presently by the Seller are the legal and correct rents, and the Purchaser has independently reviewed the leases and the annexed schedule of rent and fully and completely understands that the Seller is merely representing that those are the rents that he is collecting, but does not represent that those are the legal and correct rents."

In addition to the representation in paragraph 42, plaintiff relies upon admissions in the deposition testimony of defendant Edward Goethe of the practice of granting *ad hoc* rent abatements in lieu of necessary repairs. In his deposition

testimony, Goethe admitted that actual collections of rent were substantially below the stated rents. Plaintiff also relies on an allegation that defendant William Levin, during negotiations after the offer had been orally accepted, "indicated in substance that no more than fifteen tenants were delinquent in rent and for no more than two months." In an affidavit, Mr. Levin denies ever making such oral representation. By the end of the first year of its ownership, plaintiff alleges that rent delinquencies were approximately thirty percent.

The Motion Court, citing the claimed indication of minimal delinquencies, the admission of the practice of rent abatement, and the language of paragraph 42, granted the motion and held as a matter of law that all the elements of fraud had been proved as a matter of law. We disagree.

We hold that factual issues are presented despite the language of paragraph 42 and the conceded practice of granting rent abatements. It cannot be said as a matter of law that the intention of the parties, as manifested by that language, clearly and explicitly evinced an intention to warrant that the stated rents were being fully collected. The purpose of the paragraph is to disclaim any warranty that the stated rents were the legal rents, in light of the pendency of overcharge proceedings. On summary judgment, the language, "the Seller is merely representing that those are the rents that he is collecting," is insufficient as proof of actual intent to defraud. The intention as evinced by paragraph 42 is not so free of ambiguity to preclude "evidence or inferences outside the written words of the instrument". *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291.)

The disputed allegation, relied on by the Motion Court, that defendant William Levin "indicated in substance that no more than 15 tenants were delinquent in rent and for no more than two months", is of no evidentiary value, in the context of a summary judgment, inasmuch as Mr. Levin denies any such oral representation. Moreover, this allegation undercuts plaintiff's claim that paragraph 42 was intended to warrant full collection of the stated rents.

The remaining proof, the concession that rents were abated in lieu of repairs, and the acknowledgment of substantial arrearages, is insufficient to support the award of summary judgment. This record simply does not present so clear a case of fraud as to determine actual intent to defraud as a matter of law. *(See, Farmers Prod. Credit Assn. v Taub,* 121 AD2d 681, 682.)* Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.