■ JAMES E. CALLAHAN, JR., et al., Respondents, v THOMAS A. MILLER et al., Appellants. [599 NYS2d 145] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Connor, J.), entered February 5, 1992 in Columbia County, upon a decision of the court in favor of plaintiffs.

In October 1987 plaintiffs entered into a sales contract with defendant Thomas A. Miller (hereinafter Miller) and his ex-wife, Deborah Miller, to purchase a single-family residence plus a guest house situated on a one-half acre parcel of land (hereinafter the property) in the Town of Ancram, Columbia County. Plaintiffs became aware that the property was for sale through a mutual acquaintance. The Millers did not reside at the property at the time it was shown to plaintiffs by Miller. Following their inspection of the property, plaintiffs contacted Yvette Miro, a licensed real estate agent employed by defendant Helen Z. Battistoni, Ltd. (hereinafter Battistoni), the Millers' real estate broker. In February 1988 plaintiffs took title to the property. The instant action seeking damages, without rescission, for fraud in the inducement through fraudulent misrepresentations and for breach of warranty was thereafter commenced.

The first cause of action alleged that defendants induced plaintiffs to enter into the contract for purchase of the property by making false and fraudulent misrepresentations that the property had an adequate supply of potable water when, in fact, the property had an inadequate water supply as a

result of a faulty water table. Plaintiffs claimed that the property was thereby substantially without market value and that they were damaged in the sum of $75,000 as a result. The second cause of action alleged that the Millers "impliedly warranted and represented to * * * plaintiffs, that the water supply * * * did and would produce a sufficient supply of good quality water to serve the needs of the present uses of the premises as a two family residence". The second claim further alleged that the wells located on the property were inadequate and provided insufficient water for the ordinary use of the premises and that plaintiffs were thereby damaged in the sum of $16,000. Defendants answered and interposed certain affirmative defenses concerning, inter alia, the contract's merger and "as is" clauses. Deborah Miller's subsequent motion for summary judgment dismissing the complaint against her was granted.

Following a nonjury trial, Supreme Court found that defendants were jointly and severally liable to plaintiffs in damages based on two separate misrepresentations made by Miller and Battistoni, respectively. Supreme Court also found that plaintiffs were "entitled to damages for their inconveniences, loss of full use and enjoyment, and expenses" in the sum of $40,000. Defendants appeal from the judgment entered thereon.

The essence of plaintiffs' cause of action is that they were induced to enter into the contract by oral misrepresentations made by Miller and Miro concerning the adequacy of the water supply on the property. A party alleging fraud in the inducement bears the burden of proving the elements thereof "by clear and convincing evidence" (Chopp v Welbourne & Purdy Agency, 135 AD2d 958, 959; see, Mix v Neff, 99 AD2d 180, 183), and " 'as is' or general merger clauses in a contract do not shield a defendant from judicial inquiry into specific allegations of fraud in the inducement of the contract" (Chopp v Welbourne & Purdy Agency, supra, at 959; see, Weiss v Shapolsky, 161 AD2d 707, lv dismissed 76 NY2d 889). Where, as here, the contract's merger clause appears to be specific (see, Weiss v Shapolsky, supra, at 707-708) and plaintiffs claim reliance on misrepresentations of fact that are peculiarly within Miller's knowledge (see, Danann Realty Corp. v Harris, 5 NY2d 317, 322), the merger clause should not bar plaintiffs' allegations of fraud in the inducement. However, assuming, arguendo, that plaintiffs demonstrated the falsity of defendants' alleged misrepresentations and the intent to deceive (see, Atlantic Welding Servs. v Westchester Steel Fabricators Corp., 173 AD2d 1073, 1074), they cannot succeed because

" 'the facts represented [were] not matters peculiarly within [defendants'] knowledge, and [plaintiffs had] the means available * * * of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation[s]' " *(Barcomb v Alford,* 125 AD2d 907, 908, quoting *Danann Realty Corp. v Harris, supra,* at 322).

The contract in this case was contingent upon plaintiffs obtaining a water flow test, but plaintiffs elected not to exercise the option to do so. The testimony also indicates that plaintiffs chose to do a limited inspection of the property by having other tests required for a Federal Housing Agency mortgage performed, including a potable water test. Plaintiffs thus "unreasonably failed to investigate the truth of the alleged misrepresentation[s]" *(Nestler v Whiteside,* 162 AD2d 845, 848; *see, Barcomb v Alford, supra; Cudemo v Al & Lou Constr. Co.,* 54 AD2d 995, 995-996). Supreme Court therefore erred in its findings; in the exercise of our fact-finding power we reverse and grant the judgment which upon the evidence should have been granted by Supreme Court *(see, Chopp v Welbourne & Purdy Agency, supra,* at 959).

We find it unnecessary to reach defendants' argument related to damages.

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, with costs, and complaint dismissed.