■ FIRST NATIONWIDE BANK, Appellant, v 965 AMSTERDAM, INC., Respondent, et al., Defendants. [623 NYS2d 200] —Order of the Supreme Court, New York County (Edward H. Lehner, J.), entered May 31, 1994 which, *inter alia,* denied plaintiff's motion seeking summary judgment and dismissal of the defenses and counterclaims interposed by defendant 965 Amsterdam, Inc., unanimously reversed, on the law, the motion granted, with costs, and the matter remanded to Supreme Court for assignment to a Special Referee for an assessment of damages.

Defendant 965 Amsterdam, Inc. acquired the subject premises as the assignee of co-defendant Amsterdam Realty Associates, the purchaser under a contract of sale from co-defendant Cornelia Associates dated June 12, 1986. The purchase by 965 Amsterdam was facilitated by pre-approved and pre-packaged financing brokered by Gelt Funding Corp. and underwritten by plaintiff First Nationwide Bank. The bank extended a non-recourse, first-mortgage loan under a consolidation, modification and extension agreement and issued a promissory note in the principal amount of $700,000 dated September 26, 1986. After making payment for nearly four years, 965 Amsterdam, Inc. defaulted on the loan, and plaintiff invoked the acceleration clause of its note. The sum due on the instrument at the commencement of this action was $684,016.31, together with interest from June 1, 1990. This action was commenced in October 1990. The debtor interposed, as its sole defense to the amended verified complaint, the assertion that it was fraudulently induced to acquire the property.

965 Amsterdam, Inc. does not contend that plaintiff made any material misrepresentation upon which it relied in making the purchase. The fraudulent utterances are ascribed to the seller and particularly the mortgage broker, Gelt Funding

Corp., and its principal, Allen I. Gross, who is alleged to have misrepresented the operating revenues of the property. The debtor's fraud theory against plaintiff is predicated upon plaintiff's approval of financing for the transaction, the availability of which is asserted to have induced 965 Amsterdam, Inc. to make the purchase.

Before proceeding with an analysis of the debtor's novel theory, it is pertinent to note that plaintiff commenced its own action *(First Nationwide Bank v Gelt Funding Corp.,* 820 F Supp 89, *affd* 27 F3d 763, *cert denied* —US —, 115 S Ct 728) in the United States District Court for the Southern District of New York, against Gelt Funding Corp., Gross and others, alleging that the bank was induced to extend some $900,000,000 in non-recourse loans to purchasers of commercial property represented by Gelt Funding Corp., as commercial mortgage broker. The complaint, predicated on the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1962 [c], [d]), asserted that 31% of these loans are in default, as opposed to 9.5% of loans extended to other commercial borrowers by the bank. It alleged that Gelt Funding Corp. misrepresented net operating revenues, concealed "flip" transactions and failed to disclose additional financing secured by the properties. Of 30 loans specifically identified in the complaint, the alleged misrepresentations were claimed to have resulted in a loss to First Nationwide Bank of approximately $4.2 million on 10 loans that were foreclosed, sold or restructured. An additional $10.2 million was said to be required to cure outstanding defaults on the other 20 loans, which were not foreclosed, sold, or restructured. Federal court substantially attributed the losses sustained to the collapse of the real estate market in 1990 and dismissed the complaint for failure to state a cause of action *(supra,* 27 F3d 763, 772).

The gravamen of the defense to this mortgage foreclosure action seems to be the proposition that by allowing Gelt Funding Corp., in the person of Allen I. Gross, to induce it to extend non-recourse loans based upon fraudulent misrepresentations, plaintiff is therefore answerable to a mortgagor who obtained such a loan, upon the mortgagor's default in payment. Supreme Court credited the debtor's argument on the rationale that "a principal is liable to third parties for the acts of an agent operating within the scope of his authority even if the agent commits fraud and acts solely to benefit himself" (citing *American Socy. of Mech. Engrs. v Hydrolevel Corp.,* 456 US 556, 566).

To make out a defense of fraud, a party must establish that

a material representation, known to be false, has been made with the intention of inducing its reliance on the misstatement, which caused it to reasonably rely on the misrepresentation, as a result of which it sustained damages *(Megaris Furs v Gimbel Bros.,* 172 AD2d 209, 213). The record on appeal contains two affidavits dated September 26, 1986, subscribed by defendant debtor's principal, Mr. Robert Danial, containing representations as to the condition of the property and its revenue, together with the explicit acknowledgement that plaintiff will rely on the statements in the affidavit in extending the loan. Under these circumstances, any misrepresentation is attributable to the borrower *(see, First City Fed. Sav. Bank v Dennis,* 680 F Supp 579, 585 [SD NY]).

Under the circumstances of this matter, the Court is constrained to grant summary judgment to plaintiff because defendant debtor is precluded from establishing reliance on the claimed misrepresentation. While a general merger clause will not operate to bar parol evidence of fraud in the inducement *(Sabo v Delman,* 3 NY2d 155), where the party alleging fraud has made its own specific representation indicating that it is not relying on the alleged inducement, it is foreclosed from establishing its asserted reliance on the ground that it has misrepresented its true intention *(Citibank v Plapinger,* 66 NY2d 90, 94-95, citing *Danann Realty Corp. v Harris,* 5 NY2d 317, 323). Having expressly stated that plaintiff bank would rely on its representations as to the income and condition of the property, the debtor is precluded from attempting to demonstrate the contrary proposition that it relied upon representations made by the bank or its asserted agent, Allen I. Gross.

Defendant debtor attaches great significance to allegations contained in the bank's complaint in its Federal action against Gelt Funding Corp. First Nationwide's complaint states, in its ninth cause of action, that Gross was "a fiduciary and attorney" and that he is guilty of breaching a duty of undivided loyalty to the bank. While the exact nature of his relationship to First Nationwide is not entirely clear, given Gross's interest in securing financing for clients of Gelt Funding Corp., it seems highly irregular that the bank would place him in a fiduciary capacity with respect to the underwriting of mortgage loans to those same clients. Be that as it may, merely because the bank might have been improvident in relying on representations made by Gross with respect to the evaluation of a credit risk does not render it liable to a purchaser that may have employed similar criteria in reach-

ing the decision to acquire a property. There is no suggestion that First Nationwide Bank, in making a favorable assessment of creditworthiness, thereby intended to make any warranty to the purchaser that the property was a sound investment *(see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 384). The failure of defendant debtor to make an independent analysis of the suitability of the property for its purpose is governed by the doctrine of caveat emptor, and the instant appeal does not present circumstances that fall within the narrow exception to the application of the doctrine recognized by this Court *(Stambovsky v Ackley,* 169 AD2d 254).

We conclude that the debtor's counterclaim sounding in fraud is deficient (CPLR 3013, 3016 [b]). Furthermore, the record is devoid of allegations from which a court could infer that the bank entered into an agreement with Gross or others at Gelt Funding Corp. to participate in a fraudulent scheme, so as to permit defendant mortgagor to proceed under a conspiracy theory *(Abrahami v UPC Constr. Co.,* 176 AD2d 180). Neither is there any allegation from which it might be inferred that the bank was aware of any scheme to defraud 965 Amsterdam, Inc. so as to be liable on a theory of aiding and abetting fraud *(National Westminister Bank USA v Weksel,* 124 AD2d 144, 147, *lv denied* 70 NY2d 604). The magnitude of losses alleged to have been sustained by the bank as a result of lending funds to the clientele of Gelt Funding Corp. strongly suggests that First Nationwide was unaware that the bank itself, let alone its borrower, was the object of a fraudulent scheme *(see, Quintel Corp. v Citibank,* 606 F Supp 898, 913 [SD NY]). Finally, this can hardly be said to be an appropriate matter warranting equitable intervention to impose the full burden of loss due to fraud upon plaintiff *(see, e.g., Curiale v AIG Multi-Line Syndicate,* 204 AD2d 237, 238-239). Concur—Sullivan, J. P., Wallach, Rubin, Ross and Tom, JJ.