■ WILLIAM L. VANDERVORT et al., Respondents, v JERRY M. HIGGINBOTHAM et al., Appellants. [634 NYS2d 800] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Monserrate, J.), entered November 28, 1994 in Broome County, which, *inter alia*, granted plaintiffs' motion for summary judgment.

In 1986, defendants entered into a land contract to purchase from plaintiffs a parcel of real property, located in the Town of Vestal, Broome County, upon which plaintiffs had been operating a motor vehicle repair shop and tire sales business. Defendants took immediate possession of the property and commenced operating a similar business thereon, and making the monthly payments of $4,925. The contract provided that upon payment of $150,000 of the $450,000 purchase price, plaintiffs were to transfer title by warranty deed, in exchange for defendants' bond and mortgage securing payment of the balance.

While attempting, in 1993, to procure a bank loan to refinance their purchase, defendants learned that an underground oil storage tank, as well as a dry well designed to catch the runoff from several floor drains in the shop bays, constituted potential environmental hazards, which would require further study (and possibly expensive remediation) before financing could be obtained. After plaintiffs refused defendants' request that they assist with the cleanup activities, defendants—who by then had paid $123,620 of the principal amount of the contract—stopped making payments, prompting plaintiffs to commence this foreclosure action. Defendants counterclaimed for rescission of the contract and return of the principal they had paid, arguing that the parties' execution of the contract had been affected by a mutual mistake as to the actual subsurface conditions of the premises and, alternatively, that in view of the potential liability for environmental remediation, plaintiffs were unable to satisfy their contractual obligation to deliver marketable title. Supreme Court granted plaintiffs' motion for summary judgment, denied a cross motion for judgment on the counterclaims and appointed a receiver. This appeal by defendants ensued.

We affirm. The presence on the property of possible sources

of underground discharge of petroleum products, the cost of cleanup of which may be imposed upon any owner of the premises pursuant to Navigation Law § 181 (*see, Matter of White v Regan*, 171 AD2d 197, 199-200, *lv denied* 79 NY2d 754; *cf., White v Long*, 85 NY2d 564, 568), does not, as defendants urge, render the title thereto worthless and hence unmarketable. Marketability of title to real property refers to the purchaser's right " ' to hold his land free from probable claim by another' " (*Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 571, quoting *Dyker Meadow Land & Improvement Co. v Cook*, 159 NY 6, 15); it is concerned with one's right to "unencumbered ownership and possession" (*supra*, at 571) of property, not with its value. There being no indication that plaintiffs' ownership of the premises is encumbered (except by a mortgage to which the contract expressly alludes), the contention that they are unable to deliver marketable title is unavailing (*cf., Sperling v Title Guar. & Trust Co.*, 227 App Div 5, 9, *affd* 252 NY 613).

Defendants' assertions of mutual mistake and fraudulent misrepresentation must likewise be rejected. They were admittedly aware of the prior use of the property, and of the existence of the floor drains, which signaled the presence of underground disposal or storage of used oil or other automobile repair by-products, before entering into the contract, and there is no indication that they were prevented from conducting inspections or tests, if needed, to allay concerns about the property. Nor does the record suggest that plaintiffs concealed anything that could not readily be discovered through reasonable inspection (*compare, Stambovsky v Ackley*, 169 AD2d 254, 259; *Young v Keith*, 112 AD2d 625, 627). It is worth noting, in this regard, that a purchaser cannot rely on his or her limited knowledge of a discoverable condition—a situation that has been aptly termed " 'conscious ignorance' " (Restatement [Second] of Contracts § 154, comment *c*)—as a basis for recovery (*see, Rodas v Manitaras*, 159 AD2d 341, 343; *In re Schenck Tours*, 69 Bankr 906, 913-914, *affd* 75 Bankr 249).

Cardona, P. J., Mikoll, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.