■ BARBARA COHEN et al., Appellants, v GERARD COLISTRA et al., Respondents, et al., Defendants. [649 NYS2d 540] —Crew III, J. Appeal from an order of the Supreme Court (Best, J.), entered January 29, 1996 in Montgomery County, which denied plaintiffs' motion for partial summary judgment.

In January 1989, defendants Gerard Colistra and Lorraine Colistra (hereinafter collectively referred to as defendants) purchased a residence from plaintiffs located in the Town of Florida, Montgomery County, by executing a promissory note in the amount of $180,000. The note was payable to plaintiffs and secured by a mortgage on the property. Defendants thereafter ceased making the required payments to plaintiffs and, in March 1995, plaintiffs commenced the instant foreclosure action. Defendants answered, raising various affirmative defenses, and counterclaimed for fraud, contending that plaintiffs had made certain misrepresentations to them regarding the water supply on the property, the future tax assessment and the structural integrity of the residence. Plaintiffs then moved for, *inter alia*, partial summary judgment on their foreclosure claim. Although Supreme Court concluded that plaintiffs indeed had made out a prima facie case for foreclosure, it further found that defendants had raised a question of fact regarding their defense and counterclaim for fraud, thereby precluding the granting of plaintiffs' motion for summary judgment. This appeal by plaintiffs followed.

Plaintiffs, having established prima facie the existence of a valid promissory note and mortgage, as well as defendants' failure to make the required payments thereon, are entitled to summary judgment on their complaint absent a showing by defendants of evidentiary facts sufficient to raise a triable issue with respect to a bona fide defense (*see generally, Chase Lincoln First Bank v Dietrick*, 184 AD2d 1032; *Spielman v Acme Natl. Sales Co.*, 159 AD2d 918). In this regard, it is well settled that "[t]o make out a defense of fraud, a party must establish that a material misrepresentation, known to be false, has been made with the intention of inducing its reliance on the misstate-

ment, which caused it to reasonably rely on the misrepresentation, as a result of which it sustained damages" (*First Nationwide Bank v 965 Amsterdam*, 212 AD2d 469, 470-471; *see, Flora v Kingsbridge Homes*, 214 AD2d 834, 836). It is equally well settled, however, that: " ' "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentation" ' " (*Nestler v Whiteside*, 162 AD2d 845, 847, quoting *Danann Realty Corp. v Harris*, 5 NY2d 317, 322, quoting *Schumaker v Mather*, 133 NY 590, 596; *see, Callahan v Miller*, 194 AD2d 904; *Barcomb v Alford*, 125 AD2d 907).

Here, even accepting as true defendants' allegations as to the representations made by plaintiffs—namely, that there was an adequate water supply available, as well as another viable well site if needed, that the roof and residence itself were in good repair and that the tax assessment on the property would not increase following the sale—all of the deficiencies that defendants have alleged in this regard could have been discovered by routine investigation. More specifically, a water flow test could have been performed, as well as a structural inspection of the residence, and a telephone call to the county assessor could have verified the tax assessment. Finally, there is nothing in the record, save defendants' conclusory and unsubstantiated assertion, to suggest that defendants had an inadequate amount of time to undertake such efforts or that plaintiffs in any manner prevented them from doing so (*see, Vandervort v Higginbotham*, 222 AD2d 831, 832; *compare, Snyder v Potter*, 134 AD2d 664). Accordingly, plaintiffs' motion for summary judgment on their complaint should have been granted.*

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiffs' motion for summary judgment on the foreclosure complaint is granted and defendants' counterclaim is dismissed.

---

* As defendants' counterclaim was based upon the same factual assertions as their defense to the foreclosure action, the granting of summary judgment to plaintiffs in this regard necessarily results in the dismissal of defendants' counterclaim.