■ James W. Mooney et al., Appellants, v Charles H. Buck, Sr., Respondent. [667 NYS2d 125] —Mercure, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 23, 1997 in Rensselaer County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

In May 1994, plaintiffs contracted to purchase defendant's real property in the Town of Pittstown, Rensselaer County, for $25,000. By its terms, the contract was contingent upon successful testing of the existing well and septic system on the property. Plaintiffs did not have any tests conducted, however, and the parties closed on the transaction on September 29, 1994. Plaintiffs subsequently discovered that the well and septic system were not in good working condition. Plaintiffs then commenced this action to recover damages resulting from

defendant's allegedly negligent, intentional and/or fraudulent misrepresentation concerning the condition of the well and septic system. Following joinder of issue and discovery, plaintiffs moved and defendant cross-moved for summary judgment. Supreme Court denied the motion, granted the cross motion and dismissed the complaint. Plaintiffs appeal.

We affirm. Regardless of any representations that defendant may have made concerning the condition of the well and septic system, we conclude that plaintiffs' conclusory and unsubstantiated claims that they were prevented from testing the well and septic system were insufficient to defeat defendant's summary judgment motion (*see, Cohen v Colistra*, 233 AD2d 542, 543). Rather, having closed on the transaction without insisting upon the performance of tests necessary to determine the condition of the well and septic system, plaintiffs "unreasonably failed to investigate the truth of the alleged misrepresentation" forming the basis for the action (*Nestler v Whiteside*, 162 AD2d 845, 848; *see, Cohen v Colistra, supra*; *Callahan v Miller*, 194 AD2d 904, 906), thereby defeating their causes of action.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.