■ CANTOR FITZGERALD INCORPORATED, Appellant, v CANTOR FITZGERALD SECURITIES et al., Respondents. CANTOR FITZGERALD INCORPORATED, Respondent, v CANTOR FITZGERALD, L.P., Appellant. (And Another Action.) [701 NYS2d 407] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered June 19, 1998, which granted a motion by the Cantor Fitzgerald partnership defendants for summary judgment declaring that the subject security deposit was an asset assigned to defendant Cantor Fitzgerald, L.P. under the parties' Assignment Agreement, denied the corporate plaintiff's cross motion for summary judgment, and otherwise dismissed the complaint; order, same court and Justice, entered August 12, 1998, which, to the extent appealed from, granted the corporate plaintiff's motion for partial summary judgment declaring that defendant counterclaimant is obliged to indemnify plaintiff for certain tax liability payments, directed judgment in plaintiff's favor in total principal amount of $4,751,352.14 and denied defendant counterclaimant's application to stay execution of judgment; order, same court and Justice, entered July 27, 1998, which, to the extent appealable, denied defendant counterclaimant's motion for renewal of the prior motion; and order, same court and Justice, entered February 25, 1999, which denied defendant counterclaimant's mo-

tion for vacatur of the August 12, 1998 order, unanimously affirmed, without costs. Appeal from purported order of the same court and Justice, entered August 18, 1998, unanimously dismissed, without costs, as taken from a non-appealable paper.

This dispute arises out of the acquisition of the assets and assumption of liabilities of plaintiff Cantor Fitzgerald Incorporated by defendant counterclaimant Cantor Fitzgerald, L.P. With regard to the appeal by the corporate plaintiff, we agree with the reasoning of Supreme Court in its grant of summary judgment to defendant partnership. An agreement to assign all assets will ordinarily include a security deposit, and exemption of the "lease agreement" from the assets assigned does not, without more, serve to exempt the amount deposited as security in connection with the lease (*see*, *Matter of Izrue Corp.*, 58 Misc 2d 343, 344; *Purfield v Kathrane*, 73 Misc 2d 194, 201).

The appeals of defendant counterclaimant all contest the grant of partial summary judgment declaring that the partnership is obligated to compensate plaintiff corporation for a certain tax liability incurred for the calendar years 1991 and 1992. The subject of this dispute is a determination by the Internal Revenue Service that a portion of the amount paid to corporate officers by plaintiff constitutes excess compensation. The corporation settled the matter with the agency by stipulating to the sum of $8,000,000 as the amount of excess compensation paid during this period.

We note that the parties' "General Assignment and Assumption Agreement" gives the partnership the power "to defend or compromise any and all actions * * * in respect of any such Assigned Assets". When it was first notified of the challenge to compensation, plaintiff corporation tendered "the defense and control" of the administrative proceedings before the Internal Revenue Service to defendant; however, defendant declined to assume control over the matter. The audit concerned only the corporation, and there is no suggestion in the record that the agency sought to impose responsibility for increased taxes resulting from the disallowance on any other entity. Affidavits proffered by the corporate movant sufficiently establish that whether or not certain disputed disbursements constitute compensation was not pertinent to the settlement, and defendant partnership presented no evidence to the contrary.

The partnership argues that its liability under the general agreement should be construed in light of the parties' "Agreement Regarding Taxes". However, this document and the various other agreements entered into in connec-

tion with the partnership's assumption of corporate assets are not mutually dependent. The purpose of each is distinct, and their "history and subject matter" do not show them to be "unified" (*Ripley v International Rys. of Cent. Am.*, 8 NY2d 430, 438).

The partnership's motion for renewal was properly denied. It alleged, as new material facts, that the period for which taxes were sought extended through the 1992 calendar year and that the corporation failed to remit a tax refund of $500,000 to the partnership, as required under the tax agreement. The period for which additional taxes are due is inapposite because defendant expressly assumed responsibility for corporate tax liability "arising from and after" September 25, 1992. Furthermore, whether or not the corporation remitted a particular tax refund under the tax agreement is immaterial to Supreme Court's declaration of the partnership's liability under the general agreement.

Likewise, Supreme Court appropriately declined to grant defendant's third application seeking vacatur of the August 12, 1998 order. The supporting papers similarly contest whether certain disbursements actually represent bonus payments. Having defaulted in the administrative proceedings before the Internal Revenue Service, defendant is in no position to assign error to the agency's excess compensation determination. Moreover, the additional allegations do not refute the essential findings reflected in Supreme Court's original order (*see, Weinstock v Handler*, 251 AD2d 184, *lv dismissed* 92 NY2d 946).

In entering into a combination, the law imposes an obligation to ascertain the suitability of the acquired enterprise. As this Court stated in *Charles Hyman, Inc. v Olsen Indus.* (227 AD2d 270, 277), "A party will not be relieved of the consequences of his own failure to proceed with diligence or to exercise caution with respect to a business transaction (*see, First Nationwide Bank v 965 Amsterdam*, 212 AD2d 469, 472; *Rodas v Manitaras*, 159 AD2d 341, 343)", even where rescission is sought on the ground of fraudulent inducement. Defendant herein cannot assert mere defects in corporate records as a basis to avoid the obligations it assumed in connection with its purchase of plaintiff's assets. Finally, to the extent that there may be a dispute as to amounts due to various partners, the appropriate remedy is an accounting (*see, Raymond v Brimberg*, 99 AD2d 988, *appeal dismissed* 64 NY2d 775 [limited partnership]; *Robert C. Arrants, M.D., P. C. v Robert J. Dell Angelo, M.D., P. C.*, 73 AD2d 633 [partnership]). Concur—Sullivan, J. P., Wallach, Rubin, Saxe and Friedman, JJ.