**Sarika MAHANT, Plaintiff–Appellant,**

v.

**LEHMAN BROTHERS, Defendant–Appellee.**

**Docket No. 00–9577.**

United States Court of Appeals, Second Circuit.

March 29, 2002.

Richard A. Miller; Jacqueline M. Skubik, on the brief, Miller & Skubik, LLP, Islandia, NY, for Appellant.

Kevin B. Leblang; Izabel P. McDonald, on the brief, Kramer Levin Naftalis &

Frankel LLP, New York, NY, for Appellee.

Present: STRAUB, KATZMANN, Circuit Judges, and SESSIONS, Judge.*

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this appeal is hereby DISMISSED.

Plaintiff–Appellant Sarika Mahant filed suit against her former employer, Defendant Appellee Lehman Brothers, alleging that she was terminated in violation of federal and state anti-discrimination law. She appeals from an opinion and order of the United States District Court for the Southern District of New York (Michael B. Mukasey, *Chief Judge*), filed November 22, 2000, dismissing her complaint without prejudice and granting the defendant's motion to compel arbitration of her claims. We assume familiarity with the factual background recited in the District Court's opinion. *See Mahant v. Lehman Bros.,* No. 99 Civ. 4421, 2000 WL 1738399, at *1 (S.D.N.Y. Nov. 22, 2000).

Before the District Court, the plaintiff argued that the arbitration clause in her employment agreement was unenforceable because she signed the contract while under duress from the defendant. On appeal, she appears to have abandoned this argument. Instead, she advances two new theories, neither of which was presented to the District Court: first, that the arbitration clause was obtained through fraudulent inducement, and second, that it was obtained through negligent misrepresenta-

tion.** These arguments, while still directed at the validity of the arbitration clause, are distinct from a defense of duress and require proof of different elements. *Compare Chopp v. Welbourne & Purdy Agency,* 135 A.D.2d 958, 959, 522 N.Y.S.2d 367, 368 (3d Dep't 1987) (fraudulent inducement) *and Grammer v. Turits,* 271 A.D.2d 644, 645, 706 N.Y.S.2d 453, 455 (2d Dep't 2000) (negligent misrepresentation) *with In re Guttenplan,* 222 A.D.2d 255, 257, 634 N.Y.S.2d 702, 703 (1st Dep't 1995) (duress), *leave to appeal denied,* 88 N.Y.S.2d 812, 649 N.Y.S.2d 379, 672 N.E.2d 605 (1996).

■ "We generally will not address an issue first raised on appeal except to prevent obvious injustice or, in rare cases, when the issue is suitable for decision on the record, without additional factfinding." *Suez Equity Investors, L.P. v. Toronto–Dominion Bank,* 250 F.3d 87, 104 (2d Cir. 2001) (citing *Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994)). Here, the plaintiff, who was represented by counsel before the District Court, had a full and fair opportunity to raise any argument against the enforceability of the arbitration clause. Absent some extenuating factor not present here, no "obvious injustice" would result from our barring the plaintiff from raising her new arguments before this Court.

■ Moreover, regardless of whether the plaintiff's new arguments otherwise might be suitable for decision on the record before us and without additional factfinding, those arguments must first be ad-

---

** On appeal, the plaintiff does not contest that her claims are arbitrable and are within the scope of the arbitration agreement. *See generally Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 844 (2d Cir.1987).

dressed by an arbitrator. We have held that a party challenging the enforceability of an arbitration clause on grounds of fraud or misrepresentation must show "some substantial relationship between the fraud or misrepresentation and the arbitration clause in particular." *Campaniello Imps., Ltd. v. Saporiti Italia, S.p.A.,* 117 F.3d 655, 667 (2d Cir.1997); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) ("the statutory language [of the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.] does not permit the federal court to consider claims of fraud in the inducement of the contract generally"). Here, the plaintiff alleges that the defendant's representative verbally pressured her to execute the employment agreement, and to do so in a hasty manner. Specifically, the representative allegedly told the plaintiff that her job could be at risk if she did not sign the contract immediately, watched over her shoulder as she executed the contract, rushed her through the two-page document, told her that she was not required to enter some information, and told her to skip reading the material printed on the second page of the agreement, which included the arbitration clause as well as several other provisions. None of the representative's conduct pertained specifically to the arbitration clause. In sum, the "pressure" exerted by the representative was directed to the contract in general, not the arbitration clause. Whether the contract as a whole is unenforceable because of the alleged fraudulent conduct or misrepresentations of the defendant's representative is a question to be answered in the first instance by the arbitrator, not by the courts. *See Prima Paint,* 388 U.S. at 402 ("where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud").

Because the plaintiff's arguments on appeal were not presented to the District Court and, in any case, must be addressed by an arbitrator, the plaintiff's appeal is hereby DISMISSED.