JOSEPH NIGRO, Appellant, v ALICE AIZHEN LEE et al., Respondents. [882 NYS2d 346]—

Peters, J.P. Appeal from an order of the Supreme Court (Devine, J.), entered April 1, 2008 in Albany County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

In 2006, defendant Maxwell Lee initiated an eBay auction sale of a 1995 Mercedes Benz owned by his mother, defendant Alice Aizhen Lee. Defendants' eBay advertisement described the car as "gorgeous," with three minor blemishes in the form of a missing master key, CD cartridge and spare tire, represented that the seller was the sole owner of the vehicle and cautioned that "[t]he vehicle is [being] sold as it is and conditions are disclosed to the best of my knowledge." Plaintiff, a New York resident, purchased the vehicle which was delivered to him from Nevada, where defendants reside, on July 30, 2006. Upon its arrival, plaintiff began experiencing difficulties with the automobile. He had an inspection performed, which revealed that the car had been damaged in an accident and had been painted, the upholstery was stained, the undercoating was worn out and parts were rusted, and that body work would cost $1,741.66. He also received estimates for electrical and sensory repairs exceeding $7,495, repairs to the throttle that exceeded $3,931 and a new catalytic converter costing approximately $1,100. Plaintiff communicated his dissatisfaction to defendants and, although they refunded a portion of the purchase price, plaintiff commenced this action to rescind the contract or, in the alternative, to recover damages for defendants' fraudulent misrepresentations regarding the condition of the vehicle. Supreme Court granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment. Plaintiff appeals and we affirm.

Supreme Court properly dismissed plaintiff's cause of action for breach of warranty. Under the UCC, any description of the goods, or affirmation of fact or promise relating to the goods, which is made part of the basis of the bargain creates an express warranty that the goods shall conform to such description, affirmation or promise (see UCC 2-313 [1] [a], [b]). On the other hand, "a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty" (UCC 2-313 [2]). Here, defendants' advertisement made no promises

or affirmations of fact as to the condition or quality of the electrical or sensory systems, throttle or catalytic converter. While the advertisement did describe the car as "gorgeous," this generalized expression was merely the seller's opinion of the car and constitutes "no more than 'puffery', which should not have been relied upon as an inducement to purchase the vehicle," particularly in light of the fact that this was a used car transaction (*Scaringe v Holstein*, 103 AD2d 880, 881 [1984]; *see Sparks v Stich*, 135 AD2d 989, 990 [1987]; *see also Serbalik v General Motors Corp.*, 246 AD2d 724, 725-726 [1998]).

Plaintiff next asserts that defendants fraudulently misrepresented that the car was gorgeous and virtually unblemished despite their knowledge that it had been used extensively, had been in an accident and was in need of significant repairs. In order to establish fraud, " 'a party must establish that a material misrepresentation, known to be false, has been made with the intention of inducing its reliance on the misstatement, which caused it to reasonably rely on the misrepresentation, as a result of which it sustained damages' " (*Cohen v Colistra*, 233 AD2d 542, 542-543 [1996], quoting *First Nationwide Bank v 965 Amsterdam*, 212 AD2d 469, 470-471 [1995]; *see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). As to the element of reliance, " 'if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth . . . of the representation, he [or she] must make use of those means, or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentations' " (*Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1056 [2009], quoting *Schumaker v Mather*, 133 NY 590, 596 [1892]; *see Danann Realty Corp. v Harris*, 5 NY2d 317, 322 [1959]; *Tanzman v La Pietra*, 8 AD3d 706, 707 [2004]).

Here, all of the deficiencies that plaintiff has alleged could have been easily discovered by routine investigation. Plaintiff could have contacted defendants to inquire about the vehicle or its history (as defendants' advertisement specifically invited prospective purchasers to do), procured a vehicle history report (as recommended on eBay's Web site) or hired a mechanic in Nevada to inspect and/or examine the car before purchasing it. Instead, plaintiff made no attempt to ascertain the true condition or history of the vehicle prior to his purchase. Further, there can be no doubt that plaintiff could have ascertained the true facts with reasonable diligence, inasmuch as a mechanical examination of the vehicle and vehicle history report—steps which plaintiff took only *after* delivery of the vehicle—revealed

exactly those conditions of which plaintiff now complains. Plaintiff's claim that he was prevented from inspecting the vehicle simply because it was located in Nevada is insufficient to defeat defendants' summary judgment motion (*see Mooney v Buck*, 245 AD2d 999, 999 [1997]; *Cohen v Colistra*, 233 AD2d at 543; *Vandervort v Higginsbotham*, 222 AD2d 831, 832 [1995]). Thus, having " 'unreasonably failed to investigate the truth of the alleged misrepresentation[s]' " (*Mooney v Buck*, 245 AD2d at 1000, quoting *Nestler v Whiteside*, 162 AD2d 845, 848 [1990]; *see Cohen v Colistra*, 233 AD2d at 543; *Callahan v Miller*, 194 AD2d 904, 906 [1993]; *Barcomb v Alford*, 125 AD2d 907, 908 [1986]), plaintiff failed to prove that his reliance on those representations was justifiable and, therefore, his causes of action sounding in fraud were properly dismissed.

Spain, Rose, Kane and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.